12 F.3d 1101
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
David J. SMITH, Petitioner-Appellant,
v.
James DOYLE, Attorney General of Wisconsin, and Eurial K.
Jordan, Administrator, Division of Probation and
Parole, Respondents-Appellees.
 No. 93-1222.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 16, 1993.*
Decided Nov. 17, 1993.
 
 Before COFFEY, FLAUM and KANNE, Circuit Judges.
 
 ORDER
 
 1
 David J. Smith appeals the judgment of the district court denying his petition for a writ of habeas corpus. 28 U.S.C. Sec. 2254. He was convicted in the State of Wisconsin of theft by fraud, false swearing and inconsistent statements. Smith contends that the state trial court lacked subject matter jurisdiction, and denied him his right to counsel and his right to confrontation. Because we find no merit to Smith's claims, we affirm the district court's judgment.
 
 I. Subject Matter Jurisdiction
 
 2
 Smith contends that Wisconsin Assistant Attorneys General Matthew Frank and Jeffrey Gabrysiak were not properly appointed as special prosecutors under Sec. 59.44 of the Wisconsin Statutes. Wis.Stat.Ann. Sec. 59.44 (West 1988) (repealed 1989). Therefore, the complaint filed by Frank and Gabrysiak did not bestow subject matter jurisdiction on the court or confer personal jurisdiction over Smith.
 
 
 3
 The Wisconsin Court of Appeals held that Smith's claim challenged solely the personal jurisdiction of the court. The court stated that subject matter jurisdiction addressed the power of the court to inquire into the charged crime, to apply the applicable law and to declare the punishment. It was unrelated to the question whether the special prosecutor had been properly authorized to bring charges against Smith. See State v. Cvorovic, 462 N.W.2d 897, 898 (Wis.App.1990). Therefore, Smith's challenge was waived because he did not file his motion within ten days after arraignment as required by statute. Wis.Stats. Sec. 971.32(2), (5)(a).[1]
 
 
 4
 Federal habeas review is barred where a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule unless the prisoner demonstrates cause for the default and actual prejudice from the federal law violation. Coleman v. Thompson, 111 S.Ct. 2546, 2565 (1991); Jenkins v. Gramley, No. 93-1228, slip op. at 4 (7th Cir. Oct. 25, 1993).
 
 
 5
 Although the state court's finding that Smith waived his claim constitutes an independent and adequate state ground, Smith does not attempt to establish cause or prejudice. Instead, relying on State v. Braun, 449 N.W.2d 851 (Wis.Ct.App.1989), he disputes the state court determination that he challenged only the court's personal jurisdiction. Although the Braun court vacated the defendant's sentence because the special prosecutor exceeded his authority, the decision was not based on subject matter jurisdiction. Id. at 855 n. 8 (stating that the defendant might have been precluded from challenging the scope of the special prosecutor's authority under common law but because neither party raised the issue, the court did not address it). More importantly, because jurisdictional issues are a matter of state law, we must defer to the state appellate court's decision that Smith's claim is a question of personal jurisdiction. Buelow v. Dickey, 847 F.2d 420, 425 (7th Cir.1988), cert. denied, 489 U.S. 1032 (1989). Without any showing of cause or prejudice, we are barred from reaching the merits of Smith's claim.
 
 
 6
 Alternatively, Smith argues that his objection to the court's personal jurisdiction was not untimely since he filed it on March 20, 1986, almost one month before his second arraignment on April 25, 1986. Smith failed to raise this issue in the district court, and it is deemed waived. Williams v. Turner, No. 91-1283, slip op. at 4-5 (7th Cir. Sept. 28, 1993). Similarly, Smith's contention that his failure to raise his objection earlier was due to his counsel's ineffective assistance was not presented to the district court. This issue is waived also. Williams, No. 91-1283 at 4-5.
 
 II. Right to Counsel
 
 7
 Smith alleges that the trial court's refusal to grant him a continuance and appoint counsel deprived him of his Sixth Amendment right to counsel. The state appellate court determined that Smith waived his right to counsel and that the trial court did not abuse its discretion in refusing to grant a continuance. The district court agreed.
 
 
 8
 On appeal, Smith argues that he was declared indigent by the court on the first day of trial and that the court was required to appoint counsel even though Smith may have had the ability to pay for an attorney previously.
 
 
 9
 Factual findings of state courts are presumed to be correct in federal habeas proceedings if the findings are made after a hearing on the merits and are fairly supported by the record. 28 U.S.C. Sec. 2254(d). This presumption is also applicable to the validity of a waiver. Lewis v. Huch, 964 F.2d 670, 671 (7th Cir.1992); see also, Hockett v. Duckworth, 999 F.2d 1160, 1165 (7th Cir.1993). Whether there has been an intelligent waiver of the right to counsel depends upon the particular facts of each case including the background, experience, and conduct of the accused. United States v. Ellison, 798 F.2d 1102, 1108 (7th Cir.1986), cert. denied, 479 U.S. 1038 (1987).
 
 
 10
 In this case, Smith retained counsel to represent him. In December 1985, the trial court granted the attorney's motion to withdraw and postponed the trial to April 21, 1986 to allow Smith time to retain new counsel. The court also stated that no further adjournment would be granted for trial preparation purposes and that Smith, who was a licensed Wisconsin attorney, should either obtain new counsel or be prepared to proceed pro se.
 
 
 11
 Smith then filed several motions with the court and indicated that he would be proceeding pro se. Two weeks before trial, he informed the court that he had retained new counsel and requested a continuance to give her more time to prepare. Yet, he did not indicate that he was indigent, and the court refused to grant the continuance. Not until the first day of trial did Smith declare his indigency to the court and request appointed counsel. An attorney from the Public Defender's Office affirmed Smith's indigency and stated that his office would not be inclined to represent Smith if the trial commenced immediately. The court informed Smith that he could use a public defender as standby counsel but it would not grant a continuance. The following day, Smith appeared without counsel, stating that no one in the Public Defender's Office wanted to get involved. Smith proceeded pro se.
 
 
 12
 Smith had four months to find a new attorney or ask the court to appoint him one. He has not stated any reason for the tardiness of his request or an explanation for his sudden declaration of indigency. Moreover, it is incredible that Smith did not know of his right to counsel if indigent since he was a licensed attorney in both Utah and Wisconsin. Under the circumstances, we find that the trial court's refusal to grant Smith's request for a continuance or to appoint counsel was supported by the record. Therefore, we are bound by the state court's finding that Smith made a voluntary and intelligent waiver of his right to be represented by counsel. Cf. United States v. Tolliver, 937 F.2d 1183, 1187 (7th Cir.), cert. denied, 112 S.Ct. 329 (1991) (holding that the right to counsel had been waived where defendant asserted this right after the first witness had been examined); cf. United States v. Solina, 733 F.2d 1208 (7th Cir.), cert. denied, 469 U.S. 1039 (1984) (holding that the judge's decision to deny a continuance on the first day of trial so that defendant's standby counsel could take over the defense was within his discretion).
 
 III. Right of Confrontation
 
 13
 During Smith's trial, the state introduced evidence consisting of photocopied excerpts of Smith's testimony at a John Doe hearing and at another civil disposition to establish the false swearing and inconsistent statement charges. Smith argues that this evidence should not have been read to the jury without witnesses testifying to its origin and authenticity. Because there were no witnesses to cross-examine, he was denied his right of confrontation.
 
 
 14
 The Wisconsin Court of Appeals held that Smith's objection was untimely because at the time the evidence was admitted, Smith objected solely on the ground that the material was taken out of context. He did not object to the evidence based on lack of authentication until the following day. Furthermore, he never alleged that the excerpts were inaccurate reproductions of his former testimony.
 
 
 15
 The state court's finding of procedural default provides an independent and adequate state ground for its denial of Smith's federal claim. Thus, because Smith has not made any showing of cause or prejudice explaining his failure to make a contemporaneous objection to the evidence, we are barred from addressing the merits of Smith's claim. Coleman, 111 S.Ct. at 2565.
 
 
 16
 For the foregoing reasons, we AFFIRM the district court's denial of petitioner's writ of habeas corpus.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Petitioner-Appellant filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 Section 971.32 states:
 (2) [D]efenses and objections based on defects in the institution of the proceedings, [or] insufficiency of the complaint, information or indictment ... shall be raised before trial by motion or be deemed waived.
 (5)(a) Motions before trial shall be served and filed within ... ten days after arraignment in a felony action unless the court otherwise permits.