STATE, Respondent, v. CARTER, Appellant.

*No. State 62.   Argued September 8, 1969.—Decided September 30, 1969.*

(Also reported in 170 N. W. 2d 681.)

152

For the appellant there was a brief and oral argument by *Roland J. Steinle, Jr.,* of Milwaukee.

For the respondent the cause was argued by *Terence T. Evans,* assistant district attorney of Milwaukee county, with whom on the brief were *Robert W. Warren,* attorney general, *William A. Platz,* assistant attorney general, and *E. Michael McCann,* district attorney.

HANLEY, J.   The defendant raises three issues on this appeal:

(1) Did the trial court commit prejudicial error in refusing to instruct the jury on crimes other than attempted murder and endangering safety by conduct regardless of life;

(2) Did the trial court commit prejudicial error in excluding from the jury's consideration facts relating to previous misconduct on the part of the defendant's wife; and

(3) Should defendant be granted a new trial in the interest of justice?

*Jury Instructions.*

At the conclusion of the defendant's trial the court instructed the jury on attempted first-degree murder and on endangering safety by conduct regardless of life. The defendant here contends that the court committed prejudicial error in failing to instruct on certain lesser crimes.

The court did not, as requested by the defendant, instruct upon attempted second-degree murder, attempted third-degree murder, attempted manslaughter, and injury by conduct regardless of life.

The court's reason for refusing to instruct on the first three of these was its belief that such crimes do not exist. Such belief is warranted by sec. 939.32 (2), Stats.:

"(2) An attempt to commit a crime requires that the actor have an intent to perform acts and attain a result which, if accomplished, would constitute such crime and that he does acts toward the commission of the crime which demonstrate unequivocally, under all the circumstances, that he formed that intent and would commit the crime except for the intervention of another person or some other extraneous factor."

Clearly intent as defined in sec. 939.23 is not an element of any of these crimes. The language of secs. 940.02,[1] 940.03,[2] and 940.05,[3] is not reconcilable with the concept of attempt.

---

[1] "Second-degree murder. Whoever causes the death of another human being by conduct imminently dangerous to another and evincing a depraved mind, regardless of human life, may be imprisoned not less than 5 nor more than 25 years."

[2] "Third-degree murder. Whoever in the course of committing or attempting to commit a felony causes the death of another human being as a natural and probable consequence of the commission of or attempt to commit the felony, may be imprisoned not more than 15 years in excess of the maximum provided by law for the felony."

[3] "Manslaughter. Whoever causes the death of another human being under any of the following circumstances may be imprisoned not more than 10 years:

Assuming, however, that such attempted crimes exist and are offenses included within the attempted first-degree murder charge, there was no error in refusing to instruct thereon.

" 'to justify a conviction, and submittal for conviction of a lesser offense included within the greater, "there must be some reasonable ground on the evidence, in the judgment of the court, for a conviction of the former and not of the latter." In the final analysis of the evidence, the test to be applied, in determining whether lesser degrees of the offense charged are to be submitted on request, is whether in any reasonable view of the evidence there is reasonable ground on the evidence, in the judgment of the court, for a conviction of the lesser offense and not the greater.' . . ." *Devroy v. State* (1942), 239 Wis. 466, 468, 1 N. W. 2d 875.

Thus the trial court must not only find evidence for a conviction of the lesser offense, but must also conclude that there was no reasonable ground on the evidence for a conviction of the greater offense. *See Commodore v. State* (1967), 33 Wis. 2d 373, 147 N. W. 2d 283. The record of the trial leaves little question that the evidence, if believed by the jury, would have supported a conviction for attempted first-degree murder.

Since there was sufficient evidence to support the conviction of attempted first-degree murder, it was likewise proper to refuse instruction on injury by conduct

"(1) Without intent to kill and while in the heat of passion; or

"(2) Unnecessarily, in the exercise of his privilege of self-defense or defense of others or the privilege to prevent or terminate the commission of a felony; or

"(3) Because such person is coerced by threats made by someone other than his co-conspirator and which cause him reasonably to believe that his act is the only means of preventing imminent death to himself or another; or

"(4) Because the pressure of natural physical forces causes such person reasonably to believe that his act is the only means of preventing imminent public disaster or imminent death to himself or another."

regardless of life. Sec. 940.23, Stats. As indicated by the state, additional instruction on these crimes would needlessly confuse the jury.

Error is also assigned to the court's failure to instruct upon attempted homicide by reckless conduct and aggravated battery. There was no request for instruction on these charges, and this is a prerequisite for error. In *Greer v. State* (1968), 40 Wis. 2d 72, 77, 161 N. W. 2d 255, the court stated:

". . . The defendant cannot complain of the failure to instruct on an included offense unless he has asked for that instruction."

### Previous Misconduct of Defendant's Wife.

In attempting to establish that he lacked the intent to kill required for a conviction of attempted murder, the defendant sought to introduce evidence of his wife's previous misconduct with other men. Apparently such testimony was to substantiate his assertion that fearing a repetition of such conduct, he merely intended to scare her, not to kill her. The trial court properly ruled that such facts were immaterial as to the question of intent. Furthermore, the facts intended to be established were too remote to have any probative value.

In *Schmidt v. State* (1919), 169 Wis. 575, 578, 173 N. W. 638, this court stated:

". . . The question of a man's intent is generally to be determined by considering his acts and the surrounding circumstances and drawing the conclusion as to his state of mind therefrom. . . ."

In the instant case his acts and the surrounding circumstances are substantially that he followed his wife for an extended period of time; he waved a gun in her face and demanded she accompany him home. When she finally attempted to escape, he leaped from his car, shouted "This is it!" and shot her four times from a

distance not in excess of five feet. Such acts and circumstances strongly suggest an intent to kill, rather than to scare.

### Interest of Justice.

The final contention of the defendant is that he should be granted a new trial in the interest of justice under sec. 251.09, Stats. In *Lock v. State* (1966), 31 Wis. 2d 110, 118, 142 N. W. 2d 183, the court stated:

". . . In order for this court to exercise its discretion and for such a probability [of a miscarriage of justice] to exist we would at least have to be convinced that the defendant should not have been found guilty and that justice demands the defendant be given another trial. . . ."

We are not convinced that justice has miscarried nor that an acquittal is probable upon a new trial.

*By the Court.*—Judgment affirmed.