STATE, Appellant on Rehearing, v. POHLHAMMER, Respondent on Rehearing.

*No. 75-890-CR. Argued December 1, 1977.—*
*Decided January 3, 1978.*
(Also reported in 260 N.W.2d 678.)

1

For the appellant the cause was argued by *MaryAnn S. Calef*, assistant attorney general, with whom on the brief was *Bronson C. La Follette*, attorney general.

For the respondent there was a brief by *James R. Glover*, and *Shellow & Shellow*, and oral argument by *Mr. Glover*, all of Milwaukee.

The following opinion was filed January 3, 1978.

*PER CURIAM (on motion for rehearing)*. Briefs and oral argument on rehearing impel only the cautionary comment that the decision rendered is to be held to the facts of the case. Prior to his plea the defendant faced an information which charged three counts of arson with intent to defraud an insurer, as a party to the crime, contrary to secs. 943.02(1)(b) and 939.05, Stats. Without dismissing this information, the trial court accepted a bargained for plea of guilty to an amended information charging theft by fraud, contrary to secs. 943.02(1)(b) and 939.05, Stats., "in lieu of" proceeding on the three-count initial information. On its face the substituted amended information charged the commission of a crime barred by the six-year statute of limitations, sec. 939.74(1), Stats. The defendant appealed the trial court's denial of his motion to withdraw his plea of

guilty on the ground that the statute of limitations had run on the crime of theft, and our court held that: (1) "The plea should not have been accepted"; and (2) "Neither should the amended information have been allowed." Where, as here, pursuant to a plea bargain a substituted and amended information is filed which charges not the commission of a lessor included offense but a new and different offense, prosecution of which is on its face barred by the applicable statute of limitations, trial courts are on notice that absent an express waiver of the statute of limitations' defense such an amended information is not to be accepted, a bargained plea of guilty to such information is not to be approved, and a plea of guilty to such an amended information may be withdrawn on motion of the defendant so to do.

In most cases, as we stated above, the entry of a plea of guilty ". . . simply does not raise the question" of the statute of limitations because ". . . the time of commencement of the prosecution does not appear on the face of the information." However, under the unique fact situation here, where the prosecution for theft was not commenced until the date the amended information was filed, the trial court, when asked to accept the amended information charging a new and different crime, should have refused to accept the plea.

However, this holding, while permitting the defendant to withdraw his plea of guilty under these circumstances, is not to be read to create a duty upon trial courts to inform defendants of possible statutory defenses to the charges brought or to secure waivers of those defenses as a prerequisite to acceptance of a nonretractable plea of guilty. The duty is not even required as to possible defenses on a constitutional level with few exceptions. *See: Tollett v. Henderson,* 411 U.S. 258 (1973); *Blackledge v. Perry,* 417 U.S. 21 (1974); and *Menna v. New York,* 423 U.S. 61 (1975) (Per Curiam). Short of the

4

exceptions of constitutional dimension mandated in *Black-ledge* and *Menna,* the rule remains that a plea of guilty, voluntarily and intelligently made, ". . . represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged . . . [he] may only attack the voluntary and intelligent character of the guilty plea. . . ." *Tollett v. Henderson, supra,* at 267. Our holding that this defendant, under these special circumstances, was entitled to withdraw his plea of guilty to an amended information that should not have been accepted or approved by the trial court does not change or expand the requirement that the trial judge should determine that the conduct which the defendant admits constitutes the offense charged or an offense included therein in which the defendant has pleaded guilty. *Ernst v. State,* 43 Wis.2d 661, 674, 170 N.W.2d 713 (1969) ; *Broadie v. State,* 68 Wis.2d 420, 423, 228 N.W.2d 687 (1975). What is required by *Ernst* is only a sufficient postplea inquiry to determine to the court's satisfaction that the facts, if proved, constitute the offense charged and whether the defendant's conduct does not amount to a defense. *Morones v. State,* 61 Wis.2d 544, 552, 213 N.W.2d 31 (1973) ; *Broadie v. State, supra,* at 423. The original mandate, remanding the cause to the trial court ". . . in the same posture it occupied prior to the September 29, 1975 hearing" when the plea of guilty was improperly accepted, remains the disposition of this matter.