STATE of Wisconsin, Plaintiff-Respondent,

v.

Marcellus Linsey OLIVER, Defendant-Appellant.

Supreme Court

*No. 81–1488–CR. Argued June 3, 1982.—Decided July 2, 1982.*

(Also reported in 321 N.W.2d 119.)

For the defendant-appellant there were briefs and oral argument by *Donald T. Lang,* assistant state public defender.

For the plaintiff-respondent the cause was argued by *Kirbie Knutson,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

BEILFUSS, C.J.   This is an appeal from a judgment of the circuit court for Milwaukee county. The defendant was convicted of attempted manslaughter. This court granted the State's petition to bypass the court of appeals pursuant to sec. 808.05(1), Stats.[1]

---

[1] Sec. 808.05(1), Stats., provides:

"808.05 **Bypass.** The supreme court may take jurisdiction of an appeal or any other proceeding pending in the court of appeals if:

"(1) It grants direct review upon a petition to bypass filed by a party."

The defendant, Marcellus Oliver, was charged with attempted first-degree murder in connection with the shooting of a Perry Burton on November 7, 1980. At trial the evidence revealed that Oliver and Burton were rivals over a sixteen-year-old girl. Oliver, who was then eighteen years old, had been seeing the girl for the past two-and-one-half years. On November 5, 1980, she broke up with him. Two days later, on the evening of November 7, Burton was walking with the girl when they encountered the defendant holding a pistol. Burton began running towards Oliver. It is unclear from the record whether there was any physical contact between Oliver and Burton. Oliver stated that Burton hit his hand, while Burton seems to claim that he simply ran away from Oliver. Two shots were fired by Oliver, the second one striking Burton in the lower back. Burton suffered the loss of a kidney and part of his bowel as a result of the wound.

At trial the judge instructed the jury on attempted first-degree murder,[2] attempted manslaughter,[3] and en-

[2] Sec. 940.01, Stats., provides:

"940.01 **First-degree murder.** (1) Whoever causes the death of another human being with intent to kill that person or another is guilty of a Class A felony."

And sec. 939.32 defines "attempt":

"939.32 **Attempt.** (1) Whoever attempts to commit a felony or a battery as defined by s. 940.19 or theft as defined by s. 943.20 may be fined or imprisoned or both not to exceed one-half the maximum penalty for the completed crime; except that for an attempt to commit a crime for which the penalty is life imprisonment, the actor is guilty of a Class B felony. Whoever attempts to commit a battery as defined in s. 940.20(2) is guilty of a Class A misdemeanor.

"(2) An attempt to commit a crime requires that the actor have an intent to perform acts and attain a result which, if accomplished, would constitute such crime and that he does acts toward the commission of the crime which demonstrate unequivocally, under all the circumstances, that he formed that intent and

dangering safety by conduct regardless of life.[4] Defense counsel requested the instruction on attempted manslaughter, while the prosecutor objected to the instruction on the ground that the crime of attempted manslaughter did not exist in Wisconsin. The jury returned a verdict of guilty of attempted manslaughter and sentence was imposed in accordance with that verdict.

On appeal the defendant argues that the attempted manslaughter instruction should not have been given. Despite having requested this instruction at trial, the defendant now argues that no such crime exists in this state. This was the argument made by the prosecution at trial, but on this appeal the State now contends that such a crime does exist and that the instruction was properly given.

The sole issue in this case is whether the crime of attempted manslaughter can exist in this state by virtue of our Criminal Code. The defendant argues that manslaughter is a non-intent crime and that one cannot attempt a non-intent crime. He relies on the literal language of the manslaughter statute, sec. 940.05(1), Stats., which provides: "Whoever causes the death of another human being under any of the following circumstances is guilty of a Class C felony: (1) Without intent to kill and while in the heat of passion." According to the defendant, this language clearly states that manslaughter does

---

would commit the crime except for the intervention of another person or some other extraneous factor."

[3] Sec. 940.05, Stats., states:

"940.05 **Manslaughter.** Whoever causes the death of another human being under any of the following circumstances is guilty of a Class C felony:

"(1) Without intent to kill and while in the heat of passion."

[4] "941.30 **Endangering safety by conduct regardless of life.** Whoever endangers another's safety by conduct imminently dangerous to another and evincing a depraved mind, regardless of human life, is guilty of a Class D felony."

not include the intent to kill. The statute governing attempt crimes requires that one have the intent to commit acts which would constitute a crime. Criminal attempt is defined in sec. 939.32(2) : "An attempt to commit a crime requires that the actor have an intent to perform acts and attain a result which, if accomplished, would constitute such crime and that he does acts toward the commission of the crime which demonstrate unequivocally, under all the circumstances, that he formed that intent and would commit the crime except for the intervention of another person or some other extraneous factor." The defendant thus argues that he could not properly be convicted of attempting the non-intent crime of manslaughter.

The parties agree that this issue will be resolved by our decisions in *State v. Lee*, 108 Wis. 2d 1, 321 N.W. 2d 108 (1982), and *State v. Poth*, 108 Wis. 2d 17, 321 N.W.2d 115 (1982). In these cases, which we also decide today, we hold that the literal language of sec. 940.05(1), Stats., requiring that a defendant act without intent to kill, is a legal fiction. Heat of passion negates the distinct intent required for first-degree murder, but a defendant acting in the heat of passion may still intend to actually kill a person. It necessarily follows from this result that a defendant may be guilty of attempted manslaughter. A person may have the actual intent to kill someone and attempt to do so, but still be acting in the heat of passion as that phrase has been interpreted.

The trial judge in this case was a member of the committee which drafted criminal jury instructions. His discussion with counsel indicated his awareness of the inconsistencies between the literal language of the manslaughter statute, the pattern jury instructions on manslaughter, and past decisions of this court. His resolution of this confusion was in accord with our holding in

*Lee, supra.* He held that once sufficient evidence is introduced to raise the issue of heat of passion-manslaughter, the burden falls upon the State to prove beyond a reasonable doubt that the defendant did not act in the heat of passion. Because heat of passion-manslaughter may involve an actual intent to kill, he ruled that attempted manslaughter does exist.

We are aware that our holding contradicts language in the case of *State v. Carter*, 44 Wis. 2d 151, 170 N.W.2d 681 (1969). In *Carter*, this court affirmed a trial court's decision not to give jury instructions on attempted second-degree murder, attempted third-degree murder, attempted manslaughter, and injury by conduct regardless of life. Relying solely on the literal meaning of sec. 940.05(1), Stats., the court wrote that intent is not an element of manslaughter. However, the court in *Carter* was not faced with the inconsistency between this statute, the jury instructions, and past precedent. Furthermore, other decisions implicitly suggest that a person may act in the heat of passion and still possess the intent to kill. *See, e.g., Boissonneault v. State*, 50 Wis. 2d 662, 665–66, 184 N.W.2d 846; *State v. Hoyt*, 21 Wis. 2d 310, 124 N.W.2d 47, 21 Wis. 2d 284, 128 N.W.2d 645 (1964) (on rehearing). Faced squarely with the question of the elements of heat of passion-manslaughter, we decided in *Lee* that an actual intent to kill may be present when a defendant acts in the heat of passion. Therefore, the trial court correctly concluded that attempted manslaughter does exist as a crime in this state. The instruction given was proper and the judgment of conviction should be affirmed.

*By the Court.*—Judgment affirmed.

DAY, J. (*dissenting*). I dissent. As set forth in my concurrence in *State v. Lee*, 108 Wis. 2d 1, 13, 321 N.W. 2d 108 (1982), a companion case to this one, I interpret the offense of manslaughter-heat-of-passion, as it is set

forth in sec. 940.05 (1), Stats., as involving the taking of a life "without intent to kill."[1]

Section 939.32 (2), Stats. 1979–80, sets forth the elements of the offense of attempting to commit a particular crime:

"939.32 **Attempt** . . . . (2) An attempt to commit a crime requires *that the actor have an intent to perform acts and attain a result which, if accomplished, would constitute such crime* and that he does acts toward the commission of the crime which demonstrate unequivocally, under all the circumstances, that he formed that intent and would commit the crime except for the intervention of another person or some other extraneous factor." (Emphasis added.)

In *State v. Melvyn*, 49 Wis. 2d 246, 250, 181 N.W.2d 490 (1970), this court held that, under the law of this state, a person cannot "attempt" to commit a crime which does not require as one of its elements, the specific intent to commit the criminal act.

The above statute and case law cannot be reconciled with the majority's conclusion that the offense of "attempted manslaughter-heat of passion" has a place in Wisconsin criminal jurisprudence. Section 940.05 (1), Stats., explicitly states that manslaughter-heat-of-passion is the causing of a death "without intent to kill." To convict someone of attempting to commit a crime, under sec. 939.32 (2), requires a finding that he intended to commit the crime, but was unable to do so because of the intervention of some extraneous factor. The statutes are mutually exclusive.

---

[1] "940.05 **Manslaughter.** Whoever causes the death of another human being under any of the following circumstances is guilty of a Class C felony:

"(1) *Without intent to kill* and while in the heat of passion, . . ." (Emphasis added.)

In *State v. Carter*, 44 Wis. 2d 151, 155, 170 N.W.2d 681 (1969), a defendant convicted of attempted first-degree murder appealed his conviction to this court, arguing that the trial judge should have instructed the jury on the lesser offenses of attempted second-degree murder, attempted third-degree murder and attempted manslaughter. This court affirmed the conviction, stating:

"The court's reason for refusing to instruct on [those lesser offenses] was its belief that such crimes do not exist. Such belief is warranted by sec. 939.32(2), Stats.:
. . .
"Clearly intent as defined in sec. 939.23 is not an element of any of these crimes. The language of secs. 940.-02, [second-degree murder] 940.03, [third-degree murder] and 940.05, [manslaughter] is not reconcilable with the concept of attempt."

As the elements of the offense of manslaughter-heat-of-passion defined in sec. 940.05(1), Stats., remain today as they were when this court decided *Carter*, I would hold that that decision is controlling. Any change to allow "heat of passion" as a mitigating factor in an intentional killing should be done by the legislature rather than this court. The legislature is presumed to know that unless it changes a law the construction put upon it by this court will remain unchanged. *State v. Banks*, 105 Wis. 2d 32, 46, 313 N.W.2d 67 (1981). Once this court has authoritatively construed a statute, well-established principles of judicial decision-making requires that that construction be maintained until the legislature changes the statute. *Reiter v. Dyken*, 95 Wis. 2d 461, 470, 290 N.W.2d 510 (1980). Since the legislature has not seen fit to change the manslaughter statute so as to permit heat of passion to be a mitigating factor in a case of intentional killing, it follows that Wisconsin has no offense of attempted manslaughter. This court's 1969 decision in *Carter* was the law at the time this offense was committed.

I accordingly would reverse the judgment convicting defendant of attempted manslaughter for the reason that no such crime exists.

I am authorized to state that Justice WILLIAM G. CALLOW joins in this dissenting opinion.