STATE of Wisconsin, Plaintiff-Appellant,

v.

Dusan D. CVOROVIC, Defendant-Respondent.

Court of Appeals

*No. 89-1585-CR. Submitted on briefs September 14, 1990.—Decided October 17, 1990.*

(Also reported in 462 N.W.2d 897.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Brian K. Holmgren,* assistant district attorney.

There was no brief submitted on behalf of the defendant-respondent.

There was an amicus curiae brief submitted by *Kenneth P. Casey,* chief, appellate division, state public defender, and *William J. Tyroler,* assistant state public defender.

Before Brown, Scott and Anderson, JJ.

SCOTT, J.   A jury found Dusan D. Cvorovic guilty of attempted fourth-degree sexual assault. A subsequent judgment set aside his conviction on the grounds that Wisconsin law does not recognize that crime. The state appeals, arguing that sec. 939.32(3), Stats., authorizes prosecution of such an offense but even if it does not, any error was waived by Cvorovic's failure to object below. We conclude that "attempted fourth-degree sexual assault" is not an offense recognized under Wisconsin law. We also conclude that the waiver doctrine does not permit conviction for a nonexistent crime. We therefore affirm.

Cvorovic was charged with second-degree sexual assault and attempted second-degree sexual assault. Trial was had to a jury. At the instruction conference, Cvorovic requested that fourth-degree sexual assault and

attempted fourth-degree sexual assault also be submitted to the jury for its consideration. The state did not object and the jury was instructed on all four charges. The jury found Cvorovic guilty of attempted fourth-degree sexual assault and not guilty of second-degree sexual assault. Judgment on the verdict was granted.

Cvorovic then sought to have the conviction set aside on the grounds that Wisconsin law does not recognize the offense of attempted fourth-degree sexual assault. After arguments and briefs, the trial court granted Cvorovic's motion and dismissed the information upon its merits. The state appeals.

Section 939.32, Stats., governs "attempt" crimes.[1] Whether attempted fourth-degree sexual assault is a

---

[1]Section 939.32, Stats., provides:

**Attempt.** (1) Whoever attempts to commit a felony or a battery as defined by s. 940.19 or theft as defined by s. 943.20 may be fined or imprisoned or both not to exceed one-half the maximum penalty for the completed crime; except:

(a) Whoever attempts to commit a crime for which the penalty is life imprisonment is guilty of a Class B felony.

(b) Whoever attempts to commit a battery as defined in s. 940.20(2) is guilty of a Class A misdemeanor.

(c) Whoever attempts to commit a crime under ss. 940.42 to 940.45 is subject to the penalty for the completed act, as provided in s. 940.46.

(d) Whoever attempts to commit a crime under s. 948.07 is subject to the penalty provided in that section for the completed act.

(2) Whoever attempts to commit a misdemeanor under s. 943.70 is subject to: [a range of forfeitures depending on how many times the person has committed the same violation].

(3) An attempt to commit a crime requires that the actor have an intent to perform acts and attain a result which, if accomplished, would constitute such crime and that he does acts toward the commission of the crime which demonstrate unequivocally, under all the circumstances, that he formed that intent and would commit the crime except for the intervention of another person or some other extraneous factor.

prosecutable offense under sec. 939.32 is a matter of statutory interpretation. Statutory interpretation presents a question of law which we review *de novo. State v. Michels,* 141 Wis. 2d 81, 87, 414 N.W.2d 311, 313 (Ct. App. 1987).

The state contends that nothing in sec. 939.32, Stats., indicates that it exhaustively enumerates the offenses which may be prosecuted as attempt crimes.[2] Rather, the state argues, subsecs. (1) and (2) of the statute merely delineate the penalties for various attempt offenses. Subsection (3), the state asserts, defines the crime of attempt and is "broadly inclusive."

We decline to give sec. 939.32, Stats., so strained a reading. Subsections (1) and (2) state in plain terms which offenses may be prosecuted as attempt crimes. In terms as plain, subsec. (3) defines the word "attempt." If the statutory language is unambiguous, we are restricted to its plain meaning. *Michels,* 141 Wis. 2d at 93, 414 N.W.2d at 315.

Moreover, in contrast to the phrasing of most criminal statutes ("Whoever does 'X' is guilty of/subject to 'Y' "), subsec. (3) contains no language which in any way suggests that "attempt" alone is subject to some sort of penalty. The elements of attempt described in subsec. (3)

---

[2] In its reply brief, the state asserts that sec. 939.66(4), Stats., would be "rendered meaningless" if liability for attempt crimes is limited to those crimes enumerated in sec. 939.32, Stats. On the contrary, such a reading merely gives effect to the plain language of sec. 939.66(4), which provides that a lesser included offense may be "[a]n attempt in violation of s. 939.32 to commit the crime charged." Thus, sec. 939.66(4) refers directly to sec. 939.32 which, in turn, specifically and expressly limits the crimes that may be charged as attempts.

are not in themselves sufficient for liability to attach. Rather, subsec. (3) must be read in tandem with either subsec. (1) or (2). In other words, while the subsec. (3) elements must be present, the actor must first be eligible for penalty under either subsec. (1) or (2). We therefore conclude that subsecs. (1) and (2) unambiguously enumerate all the offenses which may be prosecuted as "attempts."

Next, the state argues in the alternative that even if sec. 939.32, Stats., does not recognize attempted fourth-degree sexual assault, the conviction for that offense nonetheless should be upheld. It contends that by submitting the charge to the jury, Cvorovic invited—and thus waived—any error. We disagree.

The state's argument is facially logical. The flaw in it, however, is that Cvorovic cannot be punished for a nonexistent crime: the lack of subject matter jurisdiction is fatal to such a result.

A court does not have subject matter jurisdiction over a nonexistent offense. *State v. Christensen,* 110 Wis. 2d 538, 542, 329 N.W.2d 382, 383 (1983). Criminal subject matter jurisdiction, conferred by law, is the power of the court to inquire into the charged crime, to apply the applicable law and to declare the punishment. *Mack v. State,* 93 Wis. 2d 287, 294, 286 N.W.2d 563, 566 (1980). It cannot be conferred upon the court by consent. *Kelley v. State,* 54 Wis. 2d 475, 479, 195 N.W.2d 457, 459 (1972). Nor can it be waived. *Id.* Accordingly, despite the jury verdict, the trial court was precluded from entering a judgment of conviction against Cvorovic.

In addition, we find persuasive a decision of the Fifth Circuit Court of Appeals which arose on facts similar to those before us. *Adams v. Murphy,* 653 F.2d 224 (5th Cir. 1981), *cert. denied,* 455 U.S. 920 (1982). Faced

with the state's argument that the defendant had invited the error, the court stated:

> [Defense] counsel did not merely invite, he demanded the erroneous charge given.
>
> Even so, [the defendant] must go free . . .. [O]nly a legislature can denounce crimes . . .. Nowhere in this country can any man be condemned for a nonexistent crime.

*Id.* at 225 (footnote omitted).

Having determined that "attempted fourth-degree sexual assault" is an offense unrecognized in Wisconsin jurisprudence, we must affirm the judgment. Cvorovic cannot be punished for a nonexistent crime.

*By the Court.*—Judgment affirmed.