STATE of Wisconsin, Plaintiff-Respondent,

v.

Joshua N. BRIGGS, Defendant-Appellant.

Court of Appeals

*No. 97–1558–CR. Submitted on briefs March 9, 1998.—Decided March 26, 1998.*

(Also reported in 579 N.W.2d 783.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Steven P. Weiss*, assistant state public defender.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney

general, and *Thomas J. Balistreri*, assistant attorney general.

Before Eich, C.J., Vergeront and Roggensack, JJ.

ROGGENSACK, J. Joshua Briggs appeals a judgment convicting him of being party to attempted felony murder and burglary while armed, following a plea bargain, as well as the denial of a motion for post-conviction relief. Briggs contends that the judgment is partially void for lack of subject matter jurisdiction because the attempted felony murder charge to which he pled no contest is an offense not known to law in this state. We agree that no such crime as attempted felony murder exists in Wisconsin. Accordingly, we vacate the judgment and the amended information, both of which arose from a plea bargain based on an erroneous view of the law, and we remand for the prosecution of all of the charges set forth in the initial information.

## BACKGROUND

On November 4, 1995, Briggs and another juvenile male were looking for a vehicle to steal in order to leave the state. The two observed Jacqueline Millar's car through her open garage door, and upon further investigation, found the keys were not in the vehicle. After they knocked and rang the residence's doorbell with no response, they entered the house, observed Millar sleeping, and took the keys to the car along with her purse. As they were getting into the car, Millar came into the garage and asked them what they needed. They ordered Millar back into the house at gun point. They forced her to the floor, placed a pillow over her head, and Briggs's companion shot Millar in the head, causing her very serious, permanent injuries. Briggs

and his companion then left the residence in Millar's car, which they later doused with gasoline and set on fire.

As a result, Briggs was charged as party to the crimes of attempted first-degree intentional homicide (contrary to §§ 939.05, 939.32 and 940.01(1), STATS.), armed car theft (contrary to §§ 939.05 and 943.23(1g) and (1m), STATS.), armed robbery (contrary to §§ 939.05 and 943.32(2), STATS.), armed burglary (contrary to §§ 939.05 and 943.10(2)(a), STATS.), and criminal damage to property (contrary to §§ 939.05 and 943.03, STATS.). He was bound over for trial after waiving the preliminary hearing. An information was filed which reflected all of the charges in the complaint. Subsequently, Briggs reached an agreement with the State to plead no contest to both counts of an amended information charging only party to the crimes of attempted felony murder and armed burglary, thereby substantially reducing his exposure to potential criminal penalties.

The circuit court accepted Briggs's plea,[1] convicted him, and sentenced him to consecutive terms of thirty years in prison on the attempted felony murder charge and forty years in prison on the armed burglary charge. Briggs filed a postconviction motion seeking to vacate the attempted felony murder conviction on the ground that Wisconsin law does not recognize such a crime. The circuit court denied the motion and Briggs appeals.

---

[1] Pursuant to the plea agreement, the circuit court relied upon the assertions made in the original complaint to support the factual basis for Briggs's plea.

## DISCUSSION

**Standard of Review.**

██

Whether attempted felony murder exists as a crime in the State of Wisconsin is a matter of statutory interpretation which this court reviews *de novo*. *See State v. Cvorovic*, 158 Wis. 2d 630, 632–33, 462 N.W.2d 897, 898 (1990).

**Attempted Felony Murder.**

Briggs contends the circuit court lacked subject matter jurisdiction over the alleged crime of attempted felony murder because there is no such crime. The State counters that the combination of Wisconsin's attempt and felony murder statutes, §§ 939.32 and 940.03, STATS., respectively, is sufficient to create the crime of attempted felony murder. The attempt statute provides in relevant part:

> An attempt to commit a crime requires that the actor have an intent to perform acts and attain a result which, if accomplished, would constitute such crime and that the actor does acts toward the commission of the crime which demonstrate unequivocally, under all the circumstances, that the actor formed that intent and would commit the crime except for the intervention of another person or some other extraneous factor.

Section 939.32(3). The felony murder statute, in turn, states:

> Whoever causes the death of another human being while committing or attempting to commit a crime specified in s. 940.225(1) or (2)(a), 943.02, 943.10(2) or 943.32(2) may be imprisoned for not

65

more than 20 years in excess of the maximum period of imprisonment provided by law for that crime or attempt.

Section 940.03.

█

The problem with the State's theory is that, under Wisconsin law, one cannot attempt to commit a crime which does not itself include an element of specific intent. *State v. Melvin*, 49 Wis. 2d 246, 250, 181 N.W.2d 490, 492 (1970) (holding that there is no such crime as attempted reckless homicide). And it has already been concluded that felony murder does not require intent, and therefore, "is not reconcilable with the concept of attempt." *State v. Carter*, 44 Wis. 2d 151, 155, 170 N.W.2d 681, 683 (1969).[2]

Ordinarily, a statement by the supreme court, such as that quoted in *Carter*, would end the matter. However, the State maintains, and the circuit court concluded, that the supreme court's subsequent decision in *State v. Oliver*, 108 Wis. 2d 25, 321 N.W.2d 119 (1982), modified the holdings of *Carter* and *Melvin*. In *Oliver*, the court held that the crime of attempted manslaughter did exist, despite language in the manslaughter statute which stated that the crime occurred when a defendant was "without intent to kill,"

---

[2] *Carter* actually dealt with the 1969 version of § 940.03, STATS., which provided:

**Third-degree murder.** Whoever in the course of committing or attempting to commit a felony causes the death of another human being as a natural and probable consequence of the commission of or attempt to commit the felony, may be imprisoned not more than 15 years in excess of the maximum provided by law for the felony.

Section 940.03, STATS., 1969. However, the relevant aspect of the statute, that of strict liability without intent, remains the same.

because "a defendant acting in the heat of passion may still intend to actually kill a person." *Oliver*, 108 Wis. 2d at 28, 321 N.W.2d at 121. The State interprets *Oliver* to mean that if Briggs had intent to commit the underlying crime, burglary while armed for example, he may be convicted of an attempt to commit felony murder, even though conviction of the crime of felony murder would not require the State to prove intent.

■ The State's theory misconstrues *Oliver*. The holding in *Oliver* rested on the determination that "the literal language of sec. 940.05(1), Stats., requiring that a defendant act without intent to kill, is a legal fiction." *Id.* Stated another way, the court held, not that a defendant could attempt a crime that did not require the element of intent, but rather, that the element of intent did exist for the crime of manslaughter because the heat-of-passion negation of intent was only a legal fiction. Therefore, the court's holding in *Oliver* is peculiar to the crime of manslaughter, and does not extend to the crime of felony murder[3] at issue here. *Carter* and *Melvin* still control and require us to conclude there is

[3] We also note this case is distinguishable from our opinion in *State v. Diehl*, 205 Wis. 2d 1, 555 N.W.2d 174 (Ct. App. 1996). In *Diehl,* it was contended that the circuit court was without jurisdiction in regard to the amended information because the prosecutor's oral amendment to one count did not specifically state that Diehl intentionally violated the bail conditions or cite to a particular statute, thereby omitting an element of the offense. However, we concluded that in the context of an orally amended information pursuant to a plea agreement, there was no jurisdictional defect that had not been waived when the defendant did not assert that he did not understand all the elements of the crime to which he pled. Here, our decision is driven by a lack of subject matter jurisdiction over attempted felony murder, a non-crime.

no crime of attempted felony murder in the State of Wisconsin; therefore, the circuit court was without subject matter jurisdiction to accept a plea, enter a conviction, and sentence Briggs for attempted felony murder.[4] *Cvorovic*, 158 Wis. 2d at 634, 462 N.W.2d at 898.

**Relief.**

■

Having determined that Briggs pled guilty to a crime that does not exist, we next address what relief is appropriate. The State argues that nothing need or should be done, because Briggs waived his right to challenge the validity of his conviction by pleading guilty, and because vacation of the conviction would operate as a material breach of Briggs's plea bargain, contrary to public policy. However, it has been held previously that "the waiver doctrine does not permit conviction for a nonexistent crime," even when a defendant has specifically requested that the jury be instructed on the non-offense. *Cvorovic,* 158 Wis. 2d at 631, 462 N.W.2d at 897. "Criminal subject matter jurisdiction, conferred by law, is the power of the court to inquire into the charged crime, to apply the applicable law and to declare the punishment." *Id.* at 634, 462 N.W.2d at 898, *citing Mack v. State*, 93 Wis. 2d 287, 294, 286 N.W.2d 563, 566 (1983). Subject matter jurisdiction cannot be conferred on the court by consent, and an objection to it cannot be waived. *Id.* In short, Wisconsin law clearly establishes that a judgment

---

[4] Our conclusion on this issue is in line with those of other jurisdictions which have considered the issue of attempted felony murder. *See, e.g., Head v. State*, 443 N.E.2d 44 (Ind. 1982) and *State v. Lea*, 485 S.E.2d 874 (N.C. Ct. App. 1997).

resulting from a complaint or information which charges no offense recognized in law is void *ab initio.* *See State v. Schneider,* 60 Wis. 2d 563, 567, 211 N.W.2d 630, 633 (1973); *Howard v. State,* 139 Wis. 529, 534 (1909); *Champlain v. State,* 53 Wis. 2d 751, 754, 193 N.W.2d 868, 871 (1972). Therefore, we conclude that Briggs's conviction of felony murder must be vacated.

Briggs argues on appeal that if we agree there is no crime of attempted felony murder, we should do no more than vacate that conviction and leave the rest of the judgment intact because the State can always bring a motion under *State v. Rivest,* 106 Wis. 2d 406, 316 N.W.2d 395 (1982), asking the circuit court to determine whether Briggs breached the plea agreement when he appealed the conviction of felony murder. This argument follows from the notice of appeal Briggs filed, which did not appeal from the entire judgment, but rather, selectively appealed only that part of the judgment which found him guilty of and sentenced him for attempted felony murder.

We asked the parties to file supplemental briefs addressing whether our jurisdiction is limited in a criminal appeal by the way in which the defendant phrases the notice of appeal. Neither of the parties cited precedent on point, and we could find no published appellate case which directly addresses whether an appeal from a portion of a judgment in a criminal case brings the entire judgment before the reviewing court. However, in civil cases "an appeal from a part of a judgment brings up the entire judgment." *Seyfert v. Seyfert,* 201 Wis. 223, 226, 229 N.W. 636, 637 (1930) (citation omitted). The Wisconsin Supreme Court has concluded that all rulings affecting the appellant and the respondent which are reasonably related to the focus of the case on appeal may be heard, whether the

appellant has described them in his notice of appeal or not. In reaching that conclusion, it articulated the concern that should the statute be construed to bring only a limited part of the judgment before the court, the respondent would have no substantial right of review when a decision on appeal favoring the appellant affects the rights of the respondent. It also reasoned there was a need to finally settle and determine the controversy in a single proceeding. *Jones v. Pittsburgh Plate Glass Co.*, 246 Wis. 462, 468, 17 N.W.2d 562, 565 (1945).

Statutes different from those underlying *Jones* control criminal appeals. Section 974.02, STATS., provides that an appeal by the defendant in a criminal case from a judgment of conviction or denial of postconviction relief or both shall be taken in the time and manner provided in §§ 808.04(3), 809.30 and 809.40, STATS. Section 809.30(2) establishes the procedures for felony cases. It requires a notice of appeal which includes "[a]n identification of the judgment or order from which the defendant intends to seek postconviction relief and the date it was granted or entered." Section 809.30(2)(b)2. Subsection (2)(j) further provides "[t]he defendant shall file an appeal from the judgment of conviction and sentence and, if necessary, from the order of the trial court on the motion for postconviction relief within 20 days of the entry of the order on the postconviction motion." Section 809.30 does not describe appeals from portions of judgments or orders, nor does it indicate that the defendant may limit the scope of our review of a judgment or order from which appeal is taken.

Additionally, according complete relief in one proceeding where that is possible, and assuring that the

70

respondent's right of effective review is preserved, are no less valid goals in a criminal prosecution than they are in a civil proceeding. Further, to construe § 809.30, STATS., in a manner that would restrict our jurisdiction to only a portion of the judgment, would undercut the finality of the appellate procedure. And, we also note that the general rule outside of Wisconsin is that "an appeal cannot be taken from only a part of a judgment, order, or decree, unless there is a statute or constitutional provision permitting it, or unless such part is not connected with, or dependent on, the remaining portion, or is distinct or severable therefrom, so as to permit the remainder of the judgment to be executed or to become final." 4 C.J.S. *Appeal and Error* § 79. Here, the relevant statutory provision does not expressly authorize appeals of part of a judgment, nor does any constitutional provision. Additionally, the judgment under consideration here arose from a plea bargain, where the resulting convictions were both part of the same agreement. Stated another way, a conviction of one crime was not sufficient to satisfy the interests of the State, causing the convictions within the judgment to be interconnected. Therefore, we conclude that when a criminal appeal is taken from a conviction resulting from a plea bargain, it brings before us all of the judgment or order appealed from, even when the appellant attempts to limit our review to only a portion of the judgment or order by the way in which the notice of appeal is stated.

In the case before us, the original information charged five offenses, only one of which, armed burglary, appeared in the amended information. When the amended information and plea were presented to the circuit court, it accepted both of them based on its understanding that Briggs was pleading to two crimes

established under the laws of the State of Wisconsin. Therefore, this case did not present in the posture of *State v. Comstock*, 163 Wis. 2d 915, 485 N.W.2d 354 (1992), where the court was enforcing a plea agreement based on crimes established by statute. Rather, this case presents in a posture similar to that examined in *State v. Pohlhammer*, 78 Wis. 2d 516, 254 N.W.2d 478, *on rehearing* 82 Wis. 2d 1, 260 N.W.2d 678 (1978)[5] .

The original information in *Pohlhammer I* charged three counts of arson with intent to defraud an insurer, as a party to the crime, contrary to §§ 939.05 and 943.02(1)(b), STATS. Subsequently, as part of a plea bargain, the State agreed to file an amended information charging one count of theft by fraud in an amount over $2,500 in exchange for Pohlhammer's pleading guilty. The amended information was filed and the circuit court accepted the plea, found Pohlhammer guilty and sentenced him. Pohlhammer then moved to set aside the conviction because prosecution of the offense of which he was convicted was barred by the statute of limitations when the amended information was filed. The supreme court agreed that the conviction could not stand. However, it remanded for prosecution of the counts outstanding on the original information.

> The plea should not have been accepted. Neither should the amended information have been allowed. Invalidating the plea invalidates the plea bargain. Since the amended information was conditioned upon defendant's agreement to plead guilty, and the information was accepted in lieu of the prior information, this case is returned to the trial court

---

[5] The original decision will be referred to as *Pohlhammer I* and on rehearing, as *Pohlhammer II*.

> in the same posture it occupied prior to the [plea] hearing.

*Pohlhammer I*, 78 Wis. 2d at 524, 254 N.W.2d at 481–82 (citation omitted). *Pohlhammer II* reaffirmed that the correct disposition for a case where the appellate decision negates a plea bargain is to remand the cause to the circuit court for further proceedings on the original charges. *Pohlhammer II*, 82 Wis. 2d at 3, 260 N.W.2d at 680.

Here, at the April 29, 1996 plea hearing, the circuit court noted the filing of an amended information, also dated April 29, 1996. Counsel for Briggs and the State then moved directly to the no contest pleas. The entirety of the plea agreement was described to the court as requiring "the filing of the amended information and Mr. Briggs pleading to the amended counts, and the parties will be free to argue for sentencing following the presentence investigation report." Following this representation, the circuit court thoroughly reviewed the counts in the amended information with Briggs. It explained each count, what it believed to be the possible consequences of pleading to each count and the constitutional rights Briggs would be waiving by his plea. However, the plea should not have been accepted, nor should the amended information, which was part of the plea agreement because there is no crime of attempted felony murder. Therefore, we conclude the results in this case should parallel that directed by the supreme court in *Pohlhammer I* and *II*. In so concluding, we vacate Briggs's conviction of attempted felony murder and armed burglary and we also vacate the plea agreement because all are connected and all were the result of an erroneous view of the law. We also vacate the amended information and reinstate the original information in order to restore

the parties to the positions they had before they made an agreement based on an inaccurate view of the law, and we remand to the circuit court for Briggs's prosecution on the crimes of attempted first-degree intentional homicide, armed car theft, armed robbery, armed burglary and criminal damage to property—all of the counts contained in the original information.

## CONCLUSION

The crime of attempted felony murder does not exist in Wisconsin because an attempt always requires intent to do the act attempted and the crime of felony murder is complete without specific intent. Because the circuit court had no subject matter jurisdiction over a non-existent crime, even though the charge was filed as part of an amended information pursuant to a plea agreement, Briggs's conviction for attempted felony murder must be vacated and the order denying him postconviction relief must be reversed. Additionally, we place the defendant and the State in the same position they were in before they agreed to amend the information in exchange for Briggs's plea to armed burglary and the non-existent crime of attempted felony murder, by vacating the judgment of conviction of armed burglary, the plea agreement and the amended information. We also remand to the circuit court to proceed with the prosecution of all counts contained in the initial information.

*By the Court.*—Judgment vacated; order reversed and cause remanded.