STATE of Wisconsin, Plaintiff-Appellant,

v.

Lane R. WEIDNER, Defendant-Respondent.

Supreme Court

*No. 99–1334–CR. Oral argument May 4, 2000.—Decided June 16, 2000.*

2000 WI 52

(Also reported in 611 N.W.2d 684.)

For the plaintiff-appellant the cause was argued by *Thomas J. Balistreri*, assistant attorney general, with whom on the briefs was *James E. Doyle*, attorney general.

For the defendant-respondent there was a brief and oral argument by *Steven D. Phillips*, assistant state public defender.

An amicus curiae brief was filed by *Robert R. Henak* and *Henak Law Office, S.C.*, Milwaukee, on behalf of the American Civil Liberties Union of Wisconsin.

¶ 1. ANN WALSH BRADLEY, J. This case is before the court on certification from the court of appeals.[1] The State of Wisconsin contends that the circuit court erred in finding Wis. Stat. § 948.11(2) (1997–98)[2] unconstitutional as applied to the defendant's actions in transmitting harmful material to a minor via the internet. We determine that the statute impermissibly shifts to the defendant the burden of proving knowledge of the victim's age and infringes on protected ·First Amendment expression. Because we conclude that Wis. Stat. § 948.11(2) is unconstitutional in the context of the internet and other situations that do not involve face-to-face contact between the minor and the accused, we affirm the circuit court.[3]

¶ 2. The facts as ·alleged in the criminal complaint reveal that the defendant, Lane R. Weidner,

---

[1] Pursuant to Wis. Stat. (Rule) § 809.61 (1997–98), the court of appeals certified an appeal of an order of the Circuit Court for Marathon County, Dorothy L. Bain, Judge, granting the defendant's motion to dismiss.

[2] All future references to the Wisconsin Statutes are to the 1997–98 volumes unless otherwise indicated.

[3] We note at the outset that our constitutional inquiry is premised on internet communication that does not involve face-to-face contact. However, we are cognizant of the evolving nature of technology and that future communication over the internet may entail face-to-face contact. Our present analysis is essentially based on the distinction we draw between face-to-face interaction and interaction that does not involve face-to-face contact.

began communicating with Samantha B. over an internet chat room known as "Teenage Romance." Weidner used this internet technology to send Samantha B. several pictures of himself, including one that depicted him naked. He additionally transmitted numerous photographs of pre-pubescent girls ranging from eight to thirteen years of age engaged in various sexual acts with a man and with one another.

¶ 3. During the course of their communication, Samantha B. disclosed her minority status to Weidner. Although she was sixteen years old at the time, she informed Weidner that she was seventeen. The correspondence between the two was limited to their interaction over the internet and did not involve any face-to-face contact.

¶ 4. Weidner was eventually charged with eight counts of violating Wis. Stat. § 948.11(2), which prohibits the dissemination of harmful material to minors.[4] Relying on this court's recent decision in *State v. Zarnke*, 224 Wis. 2d 116, 589 N.W.2d 370 (1999), Weidner filed a motion to dismiss the charges and asserted that Wis. Stat. § 948.11(2) is unconstitutional for failing to require that the State prove Weidner's knowledge of the victim's minority status.

¶ 5. The circuit court granted the motion to dismiss and held the statute unconstitutional as applied

---

[4] Wisconsin·Stat. § 948.11(2) provides in relevant part:

(2) Criminal Penalties. (a) Whoever, with knowledge of the nature of the material, sells, rents, exhibits, transfers or loans to a child any harmful material, with or without monetary consideration, is guilty of a Class E felony.

"Harmful material" is defined under § 948.11(1)(ar) as including representations of sexually explicit conduct that would be "harmful to children" as defined under subsection (1)(b).

to Weidner's conduct over the internet. Referring to *Zarnke*, in which this court invalidated an analogous child exploitation statute as unconstitutional when applied to distributors of child pornography, the circuit court determined that Wis. Stat. § 948.11(2) is likewise unconstitutional. Because the statute shifts to the defendant the burden of proving knowledge of the victim's age, and the internet does not provide the requisite face-to-face contact to ascertain whether the victim is a minor, the court determined that the statute does not pass constitutional muster under *Zarnke*.

¶ 6. The State appealed. Subsequently, the court of appeals certified to this court the question of whether Wis. Stat. § 948.11(2) is constitutional as applied to a defendant who distributes harmful material to a minor over the internet.

¶ 7. The constitutionality of a statute presents a question of law that we review independently of the determinations rendered by the circuit court or court of appeals. *State v. Janssen*, 219 Wis. 2d 362, 370, 580 N.W.2d 260 (1998). Statutes generally enjoy a presumption of constitutionality that the challenger must refute. *Wisconsin Retired Teachers Ass'n v. Employe Trust Funds Bd.*, 207 Wis. 2d 1, 18, 558 N.W.2d 83 (1997). However, when a statute infringes on rights afforded by the First Amendment, as here, the State shoulders the burden of proving the statute constitutional beyond a reasonable doubt. *City of Madison v. Baumann*, 162 Wis. 2d 660, 669, 470 N.W.2d 296 (1991).

¶ 8. We begin by examining Wis. Stat. § 948.11(2), the subject of our constitutional inquiry. This statute provides:

312

(2) Criminal Penalties. (a) Whoever, with knowledge of the nature of the material, sells, rents, exhibits, transfers or loans to a child any harmful material, with or without monetary consideration, is guilty of a Class E felony.

The statute does not require the State to prove scienter, that is knowledge, of the age of the person receiving the harmful material. Rather, it sets forth an affirmative defense in subsection (c) that states:

It is an affirmative defense to a prosecution for a violation of this section if the defendant had reasonable cause to believe that the child had attained the age of 18 years, and the child exhibited to the defendant a draft card, driver's license, birth certificate or other official or apparently official document purporting to establish that the child had attained the age of 18 years. A defendant who raises this affirmative defense has the burden of proving this defense by a preponderance of the evidence.

¶ 9. As a variable obscenity statute, Wis. Stat. § 948.11(2) prohibits a person from exhibiting to children those materials deemed obscene to minors but not obscene to adults. *State v. Thiel*, 183 Wis. 2d 505, 523–24, 515 N.W.2d 847 (1994). Variable obscenity statutes are premised on established constitutional tenets recognizing the significance of age in First Amendment jurisprudence.

██

¶ 10. Non-obscene sexual expression benefits from protection under the First Amendment. *United States v. Playboy Entertainment Group, Inc.*, 120 S. Ct. 1878, 1885 (2000); *Sable Communications v. F.C.C.*, 492 U.S. 115, 126 (1989). Nevertheless, sexual expres-

sion that is appropriate for adults may not be suitable for children. *Ginsberg v. New York*, 390 U.S. 629, 638–39 (1968). Accordingly, the government may regulate the exposure of minors to sexually explicit material in promoting the government's compelling interest to safeguard the physical and psychological welfare of children. *New York v. Ferber*, 458 U.S. 747, 756–57 (1982).

¶ 11. Because age represents the critical element separating illegal conduct from that which remains protected, to avert significant constitutional dilemmas some form of scienter must be implied in a statute imposing criminal liability based on age. *See United States v. X-Citement Video, Inc.*, 513 U.S. 64, 69, 73 (1994). Indeed, scienter constitutes the rule in our criminal jurisprudence and is generally presumed even absent express statutory reference. *State v. Alfonsi*, 33 Wis. 2d 469, 476, 147 N.W.2d 550 (1967). *See also Morissette v. United States*, 342 U.S. 246, 263 (1952).

¶ 12. Although Wis. Stat. § 948.11(2) includes scienter as to the nature of the materials deemed harmful to children, the statute currently does not contain a parallel requirement as to the age of the victim. Prior to the creation of Chapter 948, the State's proof of scienter was a prerequisite to a lawful conviction based on exposing a child to harmful material. *See* Wis. Stat. § 944.25(10) (1985–86).

¶ 13. A 1987 legislative amendment effected a shift in the law by which scienter presently stands as an affirmative defense that the defendant must prove to avoid criminal liability. *See* 1987 Wis. Act 332; Wis. Stat. § 948.11(2)(c). By reformulating scienter as an affirmative defense, the legislature has eliminated it as

an element of the offense under the statute. *Zarnke*, 224 Wis. 2d at 127 n.3.

¶ 14. Weidner contends that Wis. Stat. § 948.11(2) is constitutionally flawed for having dispensed with the requirement that the State prove a defendant's knowledge of the victim's minority status. He asserts that allocating to the defendant the burden of demonstrating scienter chills protected speech and results in self-censorship that violates the First Amendment.

¶ 15. According to Weidner, self-censorship is acutely apparent in the context of the internet because this particular medium renders it virtually impossible to ascertain the age of the person receiving the transmitted materials. As a result, those intending to take advantage of the internet to distribute constitutionally protected materials to adults will refrain from doing so in fear of prosecution under the statute.

¶ 16. The State counters that Wis. Stat. § 948.11(2) is constitutional in all its applications, having already survived constitutional scrutiny on two separate occasions. *Thiel*, 183 Wis. 2d at 536; *State v. Kevin L.C.*, 216 Wis. 2d 166, 576 N.W.2d 62 (Ct. App. 1997). Regardless of whether there is face-to-face contact between the person intending to disseminate material and the recipient of that material, the State posits that there exists no absolute guarantee as to the recipient's actual age. However, the State maintains that an affirmative defense proving lack of scienter represents constitutionally adequate protection against the chilling of speech. *United States v. United States Dist. Ct. for Cent. Dist. of Ca.*, 858 F.2d 534, 541–43 (9th Cir. 1988).

¶ 17. The State's position rests primarily on the argument that Weidner's actions comport with the

exception to the requirement of scienter. Referring to *X-Citement Video*, the State claims the United States Supreme Court recognized an exception that scienter need not be presumed within a criminal statute when there is an opportunity for personal confrontation between the defendant and the minor. 513 U.S. at 76 n.5 (citing *United States Dist. Ct.*, 858 F.2d at 543 n.6).

¶ 18. Furthermore, the State notes that *Zarnke* affirmed the validity of this exception, relying on it to hold that distributors, not producers, of child pornography are shielded from the burden of demonstrating lack of knowledge. According to the State, *Zarnke* excepted distributors from carrying the burden because they do not have the opportunity to interact personally with the minors depicted in their distributed films. Unlike distributors of child pornography, the State asserts that internet users are afforded the opportunity to interact personally with others using this medium and therefore may reasonably ascertain the age of a potential recipient of sexually explicit material. Because there exists a reasonable opportunity to gauge the recipient's minority status, the State contends that Wis. Stat. § 948.11(2) is constitutional as applied to the internet.

¶ 19. In addressing the State's contentions to determine whether it satisfies the burden of proving that Wis. Stat. § 948.11(2) withstands constitutional attack, we look to prior cases that have commented on the statute's constitutionality. This court first addressed the constitutionality of Wis. Stat. § 948.11(2) in *Thiel*, which focused on an allegation of impermissible overbreadth under the statute.

¶ 20. The defendant in *Thiel* raised the overbreadth challenge to Wis. Stat. § 948.11(2) based on the statutory term "exhibit," claiming that it encompassed

316

a broad range of innocent display of sexual expression, including commercial display to a general audience. 183 Wis. 2d at 535. The court held that the statute survived this particular constitutional attack, noting that the term "exhibit" contemplates affirmative conduct to target specific minors rather than a commercial display to a general audience. *Id.*

¶ 21. Neither the constitutional question of scienter nor the unique problems associated with the burgeoning of the internet were raised before the court. Thus, *Thiel* is of limited benefit to the State and does not control our present constitutional inquiry.

¶ 22. We turn next to *Kevin L.C.*, in which the court of appeals sustained the constitutionality of Wis. Stat. § 948.11(2) and determined that the statute "reasonably imposes upon an individual the obligation to ascertain the age of persons to whom he or she wishes to exhibit materials deemed harmful to children." 216 Wis. 2d at 184. In *Kevin L.C.*, the defendant was convicted for sexual assault and for showing a "dirty" movie to children left in his care. His conviction was affirmed on appeal notwithstanding his constitutional challenge to Wis. Stat. § 948.11(2).

¶ 23. The appellate court reasoned that the statute does not present an unreasonable burden on the exercise of First Amendment rights because the statute criminalizes conduct when an individual "personally confronts, or has the opportunity to personally confront" a specific child. *Id.* at 188. As the circuit court in this case observed, *Kevin L.C.* needs to be reexamined in light of our recent decision in *Zarnke. Zarnke* both admonishes against the legislative enactment of statutes devoid of scienter and limits the constitutional reach of the statute at issue to those situations in which there is "personal contact" or "personal meeting"

between the accused and the child victim. 224 Wis. 2d at 127, 132–33.

¶ 24. In *Zarnke*, this court recently addressed the issue of whether the child sexual exploitation statute, Wis. Stat. § 948.05, was constitutional as applied to distributors of child pornography. Like the statute at issue in this case, Wis. Stat. § 948.05 did not require the State to prove a defendant's knowledge of the minor's age. Rather, the statute provided an affirmative defense similar to the affirmative defense provision under Wis. Stat. § 948.11(2)(c). The *Zarnke* court concluded that it was a "practical impossibility" for a distributor of sexually explicit material to prove the affirmative defense set forth in the exploitation statute. 224 Wis. 2d at 126.

¶ 25. Relying on *X-Citement Video*, the court reasoned that a distributor of pornography may be many steps removed from its production, which would render it virtually impossible to discover the age of the person reduced to a visual depiction. *Id.* at 132. The affirmative defense in essence imposed strict liability on distributors and impermissibly infringed on their First Amendment rights. *Id.* Consequently, the *Zarnke* court invalidated the statute because it did not require the State to prove the essential element of scienter when the accused's conduct did not entail a "personal meeting" with the minor. *Id.* at 133.

¶ 26. Although *Zarnke* did not fully develop the parameters of "personal meeting," we conclude that contact on the internet does not constitute a personal meeting because it does not entail face-to-face contact.[5]

---

[5] Although *State v. Zarnke*, 224 Wis. 2d 116, 125–26, 131, 589 N.W.2d 370 (1999) settled on the term "personal meeting," it acknowledged that both the court of appeals in that case and

318

We discern no meaningful distinction, as the State argues, between the distributor in *Zarnke* and the person who intends to disseminate via the internet material deemed harmful to minors. Although communication over the internet necessarily entails some level of interaction between persons who are "on-line," this current level of interaction does not justify the onerous constitutional restriction imposed by Wis. Stat. § 948.11(2).

¶ 27. As the parties here agree, the substance of a "personal meeting" is the ability to ascertain the age of the victim. The holding in *Zarnke* was premised on the inability of distributors of child pornography to ascertain reliably and conveniently the age of child victims. We believe the same holds true for persons using the internet to distribute materials deemed harmful to minors.

¶ 28. The difficulty of age verification over the internet becomes apparent when examining the affirmative defense under Wis. Stat. § 948.11(2)(c), which contains two requirements. Not only must the defendant prove reasonable cause to believe that the victim has attained the age of 18 years, but the defendant must also prove that the victim exhibited some "official or apparently official" document to verify the victim's age.

¶ 29. The internet provides no effective means to gauge the identity and age of persons who access material through use of this continuously evolving technology. *Reno v. American Civil Liberties Union*, 521 U.S. 844, 855 (1997). Participants in chat rooms

the United States Supreme Court in *United States v. X-Citement Video, Inc.*, 513 U.S. 64 (1994) contemplated an element of scienter in the absence of "face-to-face" interaction.

often assume pseudonyms and do not divulge truthful personal data. Requiring the transmission of documentation constitutes an encroachment into the personal lives of those who use the internet precisely because it affords anonymity.

¶ 30. Although the State offers suggestions as to how a person may reasonably discover the age of the recipient of transmitted materials, we remain unpersuaded that these suggestions relieve the significant burden placed on persons by the affirmative defense under Wis. Stat. § 948.11(2)(c). The State claims that a recipient who is asked to send verification may electronically scan or fax official documentation and blacken out personal information so that the recipient's privacy is protected.

¶ 31. This suggestion ignores the reality that many internet users do not possess scanners and other technology that would conveniently allow them to transmit documentation. The State's proposal that those recipients send proof of age via regular mail also fails to recognize that the delay adversely affects the dissemination of ideas and images that enjoy First Amendment protection. Moreover, sending documents via internet or mail does not obviate the uncertainty as to whether the documentation corresponds to the recipient's personal data. The lack of face-to-face interaction, which impairs the ability to ascertain reliably the age of the recipient, effectively serves to chill speech.

¶ 32. The State emphasizes that there is a crucial distinction between reasonableness as required by the affirmative defense and the reliability of age verification over the internet. According to the State, Wis. Stat. § 948.11(2)(c) only requires that a defendant's efforts in ascertaining age be reasonable, not that the

documentation sent in response to a verification request be reliable. However, we question whether it is constitutionally tenable to require a person to assume the risk that the lack of reliability of internet age verification will be construed as reasonable by a jury.

¶ 33. Imposing the onus on the defendant to demonstrate reasonableness in light of the unreliability of the internet is too grave a burden. Not only must the defendant prove the reasonableness of his or her belief but in essence the defendant must also prove the fraud of another in displaying false documentation of age. The incentive resulting from such uncertainty is self-censorship. *Mishkin v. New York*, 383 U.S. 502, 511 (1966). This self-censorship exacts too great a cost and renders freedom of expression the loser.

¶ 34. Similar to the statute at issue in *Zarnke*, Wis. Stat. § 948.11(2) essentially sets forth a strict liability offense that deprives an individual of the opportunity to prove lack of knowledge. 224 Wis. 2d at 132. Persons employing the internet lack the means to ascertain reasonably the age of the persons with whom they are corresponding. There is an absence of both face-to-face contact and a satisfactory degree of reliability. Thus, the statute renders it virtually impossible for defendants as internet users to meet the burden under Wis. Stat. § 948.11(2)(c).

¶ 35. The legislature may permissibly dispense with scienter for various strict liability offenses. *Morissette*, 342 U.S. at 253–54. Nevertheless, the State is limited in its use of strict liability offenses when freedom of expression is implicated and the elimination of scienter substantially restricts that expression. *Smith v. California*, 361 U.S. 147, 150 (1959). The First Amendment does not permit the imposition of criminal

sanctions when doing so would substantially chill protected speech. *Id.* at 150–51. Indeed, "a rule that would impose strict liability on a publisher for [unprotected speech] would have an undoubted 'chilling' effect on speech. . .that does have constitutional value." *Hustler Magazine v. Falwell*, 485 U.S. 46, 52 (1988).

¶ 36. By requiring an internet user like Weidner to prove lack of knowledge regarding the age of the person exposed to material deemed harmful to a child, the statute effectively chills protected internet communication to adults. The "vast democratic forum[ ]" of the internet would be rendered a nullity if persons refrained from sharing a wide range of ideas and images in fear of criminal sanctions. *Reno*, 521 U.S. at 868. *See also Dombrowski v. Pfister*, 380 U.S. 479, 494 (1965). The State has failed to satisfy us beyond a reasonable doubt that Wis. Stat. § 948.11(2) passes constitutional muster.

■

¶ 37. Following *Zarnke*, we conclude that because the State does not bear the burden to prove scienter under Wis. Stat. § 948.11(2), the statute is unconstitutional in the context of the internet and other situations that do not involve face-to-face contact. Although our analysis has centered exclusively on the internet as posed by the certified question, our holding applies equally to mail, fax, and other situations devoid of face-to-face contact. We therefore distinguish *Kevin L.C.* and do not disturb its holding because that case essentially addressed only face-to-face interaction.

¶ 38. Having determined that Wis. Stat. § 948.11(2) is unconstitutional in the context of the internet and other situations that do not involve face-to-face contact, we conclude next that the statute may

322

not be salvaged by a judicial construction. Neither the State nor Weidner has argued for the application of a limiting or narrowing construction to Wis. Stat. § 948.11(2). We likewise decline to apply a narrowing construction that requires the State to prove scienter because doing so would contravene the expressed legislative intent.

¶ 39. As previously discussed, the predecessor statute to Wis. Stat. § 948.11(2) placed the burden on the State to demonstrate a defendant's knowledge of age when exposing a child to harmful material. Wis. Stat. § 944.25 (1985–86). However, when the legislature created Chapter 948 and reallocated the burden to the defendant in the form of an affirmative defense, it consciously eliminated scienter as an element under Wis. Stat. § 948.11(2). *Zarnke*, 224 Wis. 2d at 127 n.3. If we were now to add scienter to the statute, we would defy the legislative intent and usurp the role of the legislature.

¶ 40. *X-Citement Video* presented a different statute that was amenable to judicial re-writing: The Protection of Children Against Sexual Exploitation Act of 1977. 513 U.S. at 65. The Court determined that the placement of the term "knowingly" in the statute rendered a strictly grammatical reading unworkable. *Id.* at 69. Recognizing the absurd results that would flow from such a reading, and gleaning no express congressional intent to the contrary, the Court relied on the presumption of scienter to read the element into the statute. *Id.* at 78.

¶ 41. Unlike in *X-Citement Video*, here we have discerned clear legislative intent against supplementing Wis. Stat. § 948.11(2) with the element of scienter. While we may "strain to construe legislation so as to

save it against constitutional attack," we "must not and will not carry this to the point of perverting the purpose of a statute." *Commodity Futures Trading Comm'n v. Schor*, 478 U.S. 833, 841 (1986) (quotations omitted).

¶ 42. Although the Constitution mandates that we invalidate Wis. Stat. § 948.11(2), we are mindful that our decision today essentially exonerates one who has engaged in both dangerous and abhorrent conduct by exposing a child to explicit and harmful material. In *Zarnke*, this court also declined to judicially rewrite Wis. Stat. § 948.05 to render it constitutionally viable, deferring instead to the legislature's primary role in enacting constitutional statutes. In response, the legislature reformulated the statute. 1999 Wis. Act 3, §§ 2 to 4. We urge the legislature to respond as swiftly as it did following *Zarnke* so that the welfare of children and protected First Amendment expression may both be safeguarded and co-exist in harmony.

¶ 44. In sum, we determine that Wis. Stat. § 948.11(2) is unconstitutional in the context of the internet and other situations that do not involve face-to-face contact. Because the statute does not require the State to prove a defendant's knowledge of the victim's age when disseminating materials deemed harmful to children, Wis. Stat. § 948.11(2) has an impermissible chilling effect on protected speech and is therefore constitutionally invalid. Accordingly, we affirm.

*By the Court.*—The order of the circuit court is affirmed.