STATE of Wisconsin, Plaintiff-Appellant-Cross-Respondent,

v.

James F. BRIENZO, Defendant-Respondent-Cross-Appellant.†

Court of Appeals

*No. 01–1362–CR. Submitted on briefs June 24, 2003.—
Decided September 10, 2003.*

**2003 WI App 203**

(Also reported in 671 N.W.2d 700.)

† Petition to review denied 11-17-03.

■

On behalf of the plaintiff-appellant-cross-respondent, the cause was submitted on the briefs of *Peggy A. Lautenschlager*, attorney general, and *Jeffrey J. Kassel*, assistant attorney general.

On behalf of the defendant-respondent-cross-appellant, the cause was submitted on the briefs of *Jerome F. Buting* of *Buting & Williams, S.C.*, of Brookfield.

Before Anderson, P.J., Brown and Nettesheim, JJ.

¶ 1. BROWN, J. This case arises from a prosecution for child enticement and attempted sexual assault resulting from an ongoing Internet "sting" operation

conducted by the Wisconsin Department of Justice. The State appeals from an order dismissing the charge against James F. Brienzo for child enticement and Brienzo cross-appeals from the order, which denied his motion to dismiss the charge of attempted sexual assault.

¶ 2. The primary issue in the State's appeal is whether the circuit court erred in determining that the First Amendment barred the application of WIS. STAT. § 948.07 (2001–02),[1] the child enticement statute, to Brienzo's conduct because the alleged child enticement was initiated over the Internet without any face-to-face contact. We conclude that pursuant to *State v. Robins*, 2002 WI 65, 253 Wis. 2d 298, 646 N.W.2d 287, a case decided after the circuit court issued the order, the application of the child enticement statute to Brienzo's alleged attempt to entice a child over the Internet does not violate his First Amendment constitutional rights. We also conclude that the complaint charges Brienzo with attempted child enticement, not the completed act of child enticement, and alleges sufficient facts to establish probable cause that Brienzo attempted to entice a child. Accordingly, we order that the circuit court, on remand, reinstate the child enticement charge.

¶ 3. In his cross-appeal challenging the denial of his motion to dismiss the attempted sexual assault charge, Brienzo raises an issue of first impression in Wisconsin. Brienzo submits that the charge of attempted sexual assault of a child by means of sexual intercourse is an impermissible prosecution of an attempt to commit a crime that lacks an element of

---

[1] All references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted.

specific intent. We hold that although attempted sexual assault of a child by means of sexual intercourse does not contain a formal element of intent, sexual intercourse necessarily involves intentional touching and, therefore, attempted sexual assault of a child by means of sexual intercourse is a crime known to law. Brienzo also challenges the circuit court's denial of his motion to dismiss on several other grounds, arguing that: (1) the attempted sexual assault charge is duplicitous and must be dismissed, (2) the attempted sexual assault charge is unconstitutional as applied to the facts of this case, and (3) the complaint fails to establish probable cause that Brienzo attempted to sexually assault a child. We conclude that even if the attempted sexual assault charge is duplicitous, the remedy for an improper charging document is not to dismiss the complaint, but rather to require the State to elect the alternative it will pursue at trial. We also conclude that the attempted sexual assault statute is constitutional as applied to Brienzo's conduct and the complaint alleged facts sufficient to establish probable cause that he attempted sexual assault. Accordingly, we affirm the order denying the motion to dismiss the sexual assault charge and remand for proceedings consistent with this opinion.

¶ 4. The complaint alleges that a special agent of the Wisconsin Department of Justice, while working in an undercover capacity, signed onto America Online as "Alex14t00." Alex14t00's AOL profile, which was available to all AOL users, identified Alex14t00 as a fourteen-year-old boy named Alex who was a freshman in high school. While logged onto AOL, Alex received an instant message from an AOL user with the screen name "LiftMetal." LiftMetal is the screen name assigned to Brienzo, whose AOL profile identified him as a forty-six-year-old man from Blue Island, Illinois.

LiftMetal told Alex that he had been checking his profile and asked Alex to exchange pictures. Alex agreed and sent a picture of a sheriff's deputy when the deputy was about fifteen years old. LiftMetal sent a picture of himself wearing only white shorts.

¶ 5. LiftMetal told Alex that he would be driving past Racine and said he wanted to meet Alex. Alex agreed. LiftMetal told Alex that he wanted to kiss, masturbate and engage in oral sex with Alex. LiftMetal suggested going to a hotel and asked Alex if there were any in the area. The two agreed to meet that evening at a Dairy Queen in the town of Mount Pleasant. Lift-Metal said that he would be driving a black Camaro. Law enforcement officers placed the Dairy Queen under surveillance but did not observe a black Camaro.

¶ 6. The next day LiftMetal sent Alex an email stating that he had been at the meeting place, but "freaked out cause [I] saw two guys sitting in their car and thought something funny was up." On the following day, LiftMetal sent Alex an email in which he said that he would be in Milwaukee the next week and asked Alex if he wanted to meet. The two agreed to meet the following week at a McDonald's restaurant in Racine county; LiftMetal noted that there were hotels in that area. LiftMetal sent Alex a photograph in which he was pulling down his briefs past his buttocks and almost past his penis.

¶ 7. LiftMetal and Alex had several online conversations over the next two days in which they finalized their plan to meet at the McDonald's at 6:30 p.m. on January 19, 2001. The two discussed what they would do sexually after they met. Alex told LiftMetal that he loved "69," which LiftMetal said was cool with him too. Alex told LiftMetal that he never "did anal" and Lift-Metal responded that it was not a problem and they did

not have to do that together. LiftMetal also stated, "We will have fun, we'll have to shower together . . . I love showering with another guy." On January 19, police officers set up surveillance at a McDonald's located in Mount Pleasant. At approximately 6:30 p.m., Brienzo entered the restaurant, where he was arrested. The police identified Brienzo by a picture that LiftMetal had sent to Alex. Brienzo told the police that he had an AOL account, that he was a math teacher at a Chicago area high school, and that he had been at the Dairy Queen on January 13 at about 6:30 p.m.

¶ 8. Brienzo was charged in a criminal complaint with child enticement contrary to WIS. STAT. § 948.07 and attempted sexual assault of a child by means of "sexual contact or sexual intercourse" contrary to WIS. STAT. §§ 948.02(2), 939.50(3)(6c), and 939.32. He filed a motion to dismiss those charges, arguing that the complaint failed to state probable cause as to either count, that the complaint was jurisdictionally defective because the counts were charged in the disjunctive, and that the charges were unconstitutional as applied to the facts of this case. The circuit court granted the motion with respect to the child enticement charge, but denied it with respect to the attempted sexual assault charge. This appeal and cross-appeal followed.

¶ 9. The standards of review relevant to this appeal are as follows. The applicability of the child enticement statute to an Internet "sting" operation that involves an adult undercover officer posing online as a child is a question of law that we review de novo. *See State v. Jensen*, 2000 WI 84, ¶ 12, 236 Wis. 2d 521, 613 N.W.2d 170. The sufficiency of the allegations in the complaint is also a question of law that we review independently. *State v. A.S.*, 2001 WI 48, ¶ 26, 243 Wis.

2d 173, 626 N.W.2d 712. In addition, the constitutionality of a statute as applied to the facts of a case is determined without deference to the lower courts. *State v. Johnson*, 2001 WI 52, ¶ 10, 243 Wis. 2d 365, 627 N.W.2d 455, *cert. denied*, 534 U.S. 1043 (2001).

¶ 10. We begin our analysis with the State's appeal of the order dismissing the child enticement charge. In dismissing the charge, the circuit court relied on the supreme court's decision in *State v. Weidner*, 2000 WI 52, 235 Wis. 2d 306, 611 N.W.2d 684, and concluded that the child enticement statute, as applied to Brienzo's conduct, violated the First Amendment. The State submits that *Robins*, a case decided subsequent to the circuit court's ruling, mandates reversal.

¶ 11. In *Robins*, the defendant was charged with attempted child enticement arising from an Internet "sting" operation conducted by the Wisconsin Department of Justice. *Robins*, 253 Wis. 2d 298, ¶ 1. Citing our supreme court's decisions in *Weidner* and *State v. Zarnke*, 224 Wis. 2d 116, 589 N.W.2d 370 (1999), Robins argued that the child enticement statute is unconstitutional as applied to enticements over the Internet. *Robins*, 253 Wis. 2d 298, ¶ 39. The court rejected the argument, holding that *Weidner* and *Zarnke* were inapplicable because those cases involved First Amendment challenges to various obscenity statutes. *Robins*, 253 Wis. 2d 298, ¶ 39. The court held that unlike the obscenity statutes at issue in *Weidner* and *Zarnke*, the child enticement statute regulates conduct rather than speech or expression and, therefore, its prosecution does not implicate the First Amendment. *Robins*, 253 Wis. 2d 298, ¶¶ 41–43. According to the court, the fact that an act of child enticement is initiated or carried out

in part by means of language does not make the child enticement statute susceptible of First Amendment scrutiny. *Id.*, ¶ 43.

¶ 12. Here, like the defendant in *Robins,* Brienzo has been charged with child enticement arising from an Internet sting operation. As Brienzo himself recognizes, *Robins* teaches that the First Amendment does not protect attempted child enticements initiated through Internet communications. *Id.*, ¶ 44. Brienzo, however, attempts to distinguish *Robins* by arguing that central to the court's ruling was its belief that a defendant cannot be convicted of the crime of attempted child enticement by Internet communications alone and, here, unlike the defendant in *Robins,* the State has disjunctively charged Brienzo with "caus[ing] or attempt[ing] to cause" a child enticment. Brienzo asserts that the First Amendment is "most certainly implicated if the prosecution is for a completed act of enticement carried out entirely by means of communications over the internet." (Emphasis omitted.)

¶ 13. However, we need not even address whether the holding in *Robins* embraces a charge of completed child enticement. A fair reading of the entire criminal complaint reveals that the State is charging Brienzo with attempted child enticement and not the completed act. The allegations of the complaint make clear that there was no actual child involved and that the State's theory is that Brienzo committed child enticement by attempting to cause a person whom he believed to be a child to go into a prohibited place with the intent to cause sexual contact. Further, if there is any doubt about our conclusion, the State has expressly made its election in its brief-in-chief to charge Brienzo with attempted child enticement on appeal. *See State v.*

*Miller*, 2002 WI App 197, ¶ 26, 257 Wis. 2d 124, 650 N.W.2d 850, *review denied*, 2002 WI 121, 257 Wis. 2d 118, 653 N.W.2d 890 (Wis. Sept. 26, 2002) (No. 01–1406–CR) (noting that if a complaint is found to be duplicitous, the State must then either elect the act upon which it will rely or separate the acts into separate counts). While the State did not voice an election to charge Brienzo with attempted child enticement until this appeal, we hold that the State may properly do so. Clearly, the State is entitled to make the election in the trial court and we can see no reason why the State cannot make the election at the appellate level as well.

¶ 14. Brienzo next argues that *Robins* was wrongly decided because it conflicts with prior United States Supreme Court decisions and, pursuant to *State v. Jennings*, 2002 WI 44, 252 Wis. 2d 228, 647 N.W.2d 142, we need not follow *Robins*. However, the supreme court held in *Jennings* that the court of appeals is not bound by a decision of the Wisconsin Supreme Court when that decision conflicts with a *subsequent* decision of the United States Supreme Court on a matter of federal law. *Jennings*, 252 Wis. 2d 228, ¶ 19. All of the United States Supreme Court decisions Brienzo cites were decided before *Robins*. Accordingly, *Jennings* does not authorize this court to decline to follow *Robins*. We recognize that the circuit court did not have the benefit of *Robins* when rendering its decision. Had *Robins* been available, perhaps the circuit court's decision would have been otherwise. Regardless, *Robins* compels reversal of the circuit court's holding that the child enticement statute as applied to Brienzo violates the First Amendment.

■

¶ 15. Brienzo raises several alternative arguments as to why the circuit court's dismissal of the

enticement charge was correct. Brienzo contends that the child enticement count is duplicitous and should be dismissed because it charges both an attempt to entice and a completed enticement in a single count. Brienzo also argues that it was impossible for him to commit the completed act of child enticement since there was not a child involved. However, as discussed above, a sensible and fair reading of the complaint demonstrates that the State charged Brienzo with attempt and not the completed act. In any event, even if the child enticement count is duplicitous, the proper remedy is not dismissal of the complaint, but rather to require the State to elect which charge it will pursue at trial; thus, the State's election on appeal to charge Brienzo with attempted child enticement moots the issue. *See Miller*, 257 Wis. 2d 124, ¶ 26 (noting that if a complaint is found to be duplicitous, the State must then either elect the act upon which it will rely or separate the acts into separate counts); *see also State v. Nye*, 100 Wis. 2d 398, 407, 302 N.W.2d 83 (Ct. App. 1981), *aff'd per curiam*, 105 Wis. 2d 63, 312 N.W.2d 826 (1981) (holding that the proper remedy for a duplicitous charging document is not dismissal of the case, but rather amendment of the document).

¶ 16. Finally, Brienzo argues that the facts alleged in the complaint do not establish probable cause that he caused a child to enter into a prohibited place for purposes of sexual activity. The allegations in the complaint supporting this charge against Brienzo are similar to those in *Robins*. In *Robins*, the complaint alleged that after some sexually explicit conversations on the Internet with someone he believed to be a child, the defendant suggested that he and the child get a hotel room. *Robins*, 253 Wis. 2d 298, ¶¶ 5–8. They set a meeting time and place, and the defendant drove to that

place at the assigned time, where he was arrested. *Id.*, ¶¶ 11–14. The court concluded these allegations easily established probable cause "that [the defendant] attempted the crime of felony child enticement; that is, that he possessed the intent to entice a child for sexual intercourse and that he engaged in unequivocal acts in furtherance of that criminal objective such that it was improbable that he would desist of his own free will." *Id.*, ¶ 38.

■

¶ 17. We reach the same conclusion in this case. The complaint alleges that Brienzo communicated via the Internet with "Alex," a person he believed to be a fourteen-year-old boy. During these communications, Brienzo expressed an interest in having sexual contact with Alex and suggested that they go to a hotel. Brienzo and Alex agreed to meet at a fast food restaurant on January 19, 2001, and Brienzo noted that there were hotels in the area. Brienzo drove to the restaurant at the agreed upon meeting time and was arrested when he entered the restaurant. While the agent posing as a minor conducted much of the discussions regarding the putative sexual activity, Brienzo's appearance at the prearranged site signals probable cause to believe that he had the intent to proceed with the criminal sexual activity discussed between the two and that he would have proceeded except for the intervention of the police. Therefore, none of Brienzo's alternative arguments prevent us from reversing the circuit court's ruling. We order that the circuit court, on remand, reinstate the charge of attempted child enticement.

¶ 18. We now turn to Brienzo's cross-appeal challenging the circuit court's denial of his motion to dismiss the second count in the criminal complaint, which alleges that Brienzo "attempt[ed] to have sexual

contact or sexual intercourse" with a child under the age of sixteen. Brienzo's core argument in the cross-appeal is that he cannot be guilty of attempted sexual assault of a child by means of sexual contact or sexual intercourse because the crime carries no element of specific intent. Brienzo likens this charge to those cases in which courts have held that an attempt cannot lie to an offense that does not carry the element of specific intent. *See State v. Briggs*, 218 Wis. 2d 61, 66–67, 579 N.W.2d 783 (Ct. App. 1998) (holding that attempted felony murder is not a crime because the crime of felony murder does not include intent).

¶ 19. The statute governing attempt crimes requires that one have the intent to commit acts which would constitute a crime. Criminal attempt is defined in WIS. STAT. § 939.32(3):

> An attempt to commit a crime requires that the actor have an intent to perform acts and attain a result which, if accomplished, would constitute such crime and that the actor does acts toward the commission of the crime which demonstrate unequivocally, under all the circumstances, that the actor formed that intent and would commit the crime except for the intervention of another person or some other extraneous factor.

As the State correctly observes, in *State v. Grimm*, 2002 WI App 242, 258 Wis. 2d 166, 653 N.W.2d 284, we held that an attempt charge would lie as to the crime of sexual assault by means of sexual contact because "sexual contact" is defined as only "intentional touching" and, therefore, the crime necessarily includes an element of intent. *Id.*, ¶ 13; *see also* WIS. STAT. § 948.01(5). Thus, *Grimm* forecloses Brienzo's challenge to the charge of sexual assault by sexual contact. *See Cook v. Cook*, 208 Wis. 2d 166, 189–90, 560 N.W.2d 246 (1997).

*Grimm,* however, left open the question of whether attempted sexual assault of a child by means of sexual intercourse is a crime known to law.

¶ 20. Unlike the definition of "sexual contact," the definition of "sexual intercourse" in Wis. Stat. § 948.01(6)[2] does not include a formal element of intent; however, contrary to Brienzo's assertions, this does not end our inquiry. For purposes of an attempt analysis, the offense of attempted sexual assault of a child by sexual intercourse is analogous to the offense of attempted heat-of-passion manslaughter, which the supreme court held to be a crime in *State v. Oliver,* 108 Wis. 2d 25, 321 N.W.2d 119 (1982), despite statutory language requiring that the defendant have acted without the intent to kill. *See id.* at 28–29. The court stated that it is a legal fiction that a person acting in the heat of passion acts without the intent to kill. *Id.* at 28. While heat of passion negates the distinct intent required for first-degree murder, the court held that a defendant acting in the heat of passion may still intend to actually kill a person and thus may be guilty of attempted manslaughter. *Id.*

■

¶ 21. This same reasoning applies to the offense of sexual assault of a child by sexual intercourse. Our supreme court has recognized that even though the statutory definition of sexual intercourse does not formally include an intent element, the act of sexual

---

[2] Wisconsin Stat. § 948.01(6) states:

"Sexual intercourse" means vulvar penetration as well as cunnilingus, fellatio or anal intercourse between persons or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal opening either by the defendant or upon the defendant's instruction. The emission of semen is not required.

intercourse is necessarily an intentional act. As our supreme court has held, "sexual intercourse" necessarily involves "sexual contact," so that

> it is impossible to conceive of sexual intercourse which does not involve "intentional touching ... directly ... by the use of any body part or object, of the complainant's or defendant's intimate parts if that intentional touching is either for the purpose of sexually degrading or sexually humiliating the complainant or sexually arousing or gratifying the defendant."

*State v. Dodson*, 219 Wis. 2d 65, 79, 580 N.W.2d 181 (1998) (citation omitted), *review denied*, 2003 WI 91, 262 Wis. 2d 501, 665 N.W.2d 375. It logically follows from this construction of "sexual intercourse" that the crime of attempted sexual assault of a child by means of sexual intercourse is a crime known to law. A defendant may have the intent to engage in sexual intercourse with a child and may engage in acts in furtherance of that intent. When he or she does, he or she is liable for that attempt.

¶ 22. Brienzo's remaining arguments concerning the validity of the second count parallel the arguments he made with respect to the attempted child enticement charge and they fare no better here. The first parallel argument is that the sexual assault charge is duplicitous because it charges in the disjunctive that he attempted "to have sexual contact or sexual intercourse" with a child under the age of sixteen and should be dismissed. The State appears to concede that the charge is duplicitous, but contends that the proper remedy is not dismissal of the complaint. The State is correct; once again, the remedy for such an improper charging is to require the State to elect the alternative

it will pursue at trial. *See Miller*, 257 Wis. 2d 124, ¶ 26 (noting that if a complaint is found to be duplicitous, the State must then either elect the act upon which it will rely or separate the acts into separate counts); *Nye*, 100 Wis. 2d at 407 (holding that the proper remedy for a duplicitous charging document is not dismissal of the case, but rather amendment of the document). We therefore reject Brienzo's argument that the complaint must be dismissed on these grounds.

¶ 23. The second parallel argument Brienzo raises is a First Amendment challenge to the sexual assault of a child statute as applied to attempted sexual assaults initiated over the Internet, citing *Weidner* and *Zarnke*. Brienzo contends that because his conduct consisted of speech that would be constitutionally protected if directed at an adult, and because he had no face-to-face contact with his intended victim that would have allowed him to determine the victim's age, the sexual assault statute may not be constitutionally applied to his conduct.

¶ 24. Our supreme court rejected that same argument in *Robins* when it held that the application of the child enticement statute to an attempt to entice a child over the Internet does not violate the First Amendment. *Robins*, 253 Wis. 2d 298, ¶¶ 39–44. The court explained that the child enticement statute regulated conduct, not speech and, therefore, the fact that an act of child enticement was initiated over the Internet does not make the statute susceptible to First Amendment scrutiny. *Id.*, ¶¶ 41, 43. The rationale and holding of *Robins* apply with equal force to the attempted sexual assault charge in this case. Like the child enticement statute, the child sexual assault statute regulates conduct, not speech. It protects children from harmful

sexual contact and not from speech or ideas. Thus, that Brienzo's attempt to have sexual contact or sexual intercourse with a child was initiated or carried out in part by means of language does not make the attempted child sexual assault charge susceptible of First Amendment scrutiny. Hence, we reject Brienzo's constitutional challenge.

¶ 25. Lastly, Brienzo raises the same challenge to the sufficiency of the complaint as he did with regard to the child enticement charge—that the complaint fails to establish probable cause that he attempted to sexually assault a child. The facts alleged and their reasonable inferences permit the conclusion that Brienzo intended to have sexual contact with a person he believed to be under the age of sixteen. Arranging a time and a place to meet that person, arriving at that place at the assigned time, and getting out of the car and entering the restaurant that was the agreed-upon meeting place are acts in furtherance of that criminal objective. It is reasonable to infer from those acts, in light of the preceding Internet communications, that Brienzo would have committed the crime except for the intervention of the extraneous factor that the person with whom Brienzo communicated was an adult law enforcement officer rather than an actual fourteen-year-old boy. More specifically, the facts alleged and their reasonable inferences show that, had a fourteen-year-old boy rather than a law enforcement officer met Brienzo at the McDonald's, Brienzo would have had sexual contact with the boy. We therefore conclude that the facts alleged in the criminal complaint and their reasonable inferences establish probable cause that Brienzo attempted to sexually assault a child under the age of sixteen.

*By the Court.*—Order affirmed in part; reversed in part and cause remanded with directions.