STATE of Wisconsin, Plaintiff-Appellant,

v.

Zachary P. STUCKEY, Defendant-Respondent.

Court of Appeals

*No. 2012AP1776–CR. Submitted on briefs April 10, 2013.
—Decided July 17, 2013.*

2013 WI App 98

(Also reported in 837 N.W.2d 160.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Maura FJ Whelan*, assistant attorney general, and *J.B. Van Hollen*, attorney general.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Terry W. Rose* of *Rose and Rose*, Kenosha.

Before Brown, C.J., Reilly and Gundrum, JJ.

¶ 1. REILLY, J. Wisconsin Stat. § 948.10(1)(a) (2011–12)[1] establishes that it is a Class I felony when one exposes genitals to a child "for purposes of sexual arousal or sexual gratification." An example of the type of actor targeted by this statute is the sexual pervert who exposes himself to a child in a park. The twist in this case is that the State charged Zachary Stuckey with violating this statute by taking a picture of his penis and then sending the picture via the internet (colloquially known as "sexting") to a fourteen-year-old girl. Stuckey moved to dismiss this charge, arguing that § 948.10 requires an in-person exposure. The circuit court agreed and reasoned that the proper charge, given the facts presented, was a charge of exposing a child to harmful material contrary to Wis. Stat. § 948.11.

¶ 2. The State appeals on the ground that while it could have charged Stuckey under Wis. Stat. § 948.11, it is also proper to charge him under Wis. Stat. § 948.10. We disagree as § 948.10 lacks the scienter element of age of the victim that is necessary in a variable obscenity statute. Section 948.11, also a variable obscenity statute, was amended by the legislature to include such a scienter element following *State v. Weidner*, 2000 WI 52, 235 Wis. 2d 306, 611 N.W.2d 684. *Weidner* is on point with the facts present in this case, and *Weidner* concluded that because the State did not bear the burden to prove scienter under § 948.11(2), the statute was unconstitutional in the context of the internet and other situations that do not involve face-to-face contact. *Weidner*, 235 Wis. 2d 306, ¶ 37. As *Weidner* requires a scienter element in a variable obscenity statute, we affirm.

---

[1] All references to the Wisconsin Statutes are to the 2011–12 version unless otherwise noted.

## BACKGROUND

¶ 3. As this appeal involves an order granting a motion to dismiss for failure to state a crime in the criminal complaint, we accept the following facts set forth in the criminal complaint as true.

¶ 4. Stuckey was eighteen years old when he "met" fourteen-year-old Jane Doe[2] on Facebook[3] on November 12, 2011. After he turned nineteen, Stuckey texted a photo of his penis from his cell phone to Doe's cell phone. Stuckey and Doe later met in person at a movie theater. During the movie, Stuckey kissed Doe and touched her breast on the outside of her shirt. Based on the above facts, the State charged Stuckey with three crimes: Count 1—use of a computer to facilitate a child sex crime contrary to WIS. STAT. § 948.075(1r); Count 2—exposing genitals or pubic area to a child contrary to WIS. STAT. § 948.10(1)(a); and Count 3—second-degree sexual assault of a child contrary to WIS. STAT. § 948.02(2). Pursuant to Stuckey's motion, the circuit court dismissed Count 2.

## STANDARD OF REVIEW

¶ 5. We are called upon to interpret the meaning of WIS. STAT. § 948.10. We employ de novo review in cases involving statutory interpretation. *State v. Long*, 2011 WI App 146, ¶ 4, 337 Wis. 2d 648, 807 N.W.2d 12.

---

[2] We do not provide any identifying information about the alleged victim beyond her age.

[3] Facebook is an online social networking service. Facebook allows anyone who declares himself or herself to be at least thirteen years old to become a registered user of the site. *See* Facebook Statement of Rights and Responsibilities, https://www. facebook.com/legal/terms (last updated Dec. 11, 2012).

## DISCUSSION

¶ 6. We start our discussion with the language of the statute. *State ex rel. Kalal v. Circuit Ct. for Dane Cnty.*, 2004 WI 58, ¶ 45, 271 Wis. 2d 633, 681 N.W.2d 110. WISCONSIN STAT. § 948.10 states in full,

(1) Whoever, for purposes of sexual arousal or sexual gratification, causes a child to expose genitals or pubic area or exposes genitals or pubic area to a child is guilty of the following:

(a) Except as provided in par. (b), a Class I felony.

(b) A Class A misdemeanor if any of the following applies:

1. The actor is a child when the violation occurs.

2. At the time of the violation, the actor had not attained the age of 19 years and was not more than 4 years older than the child.

(2) Subsection (1) does not apply under any of the following circumstances:

(a) The child is the defendant's spouse.

(b) A mother's breast-feeding of her child.

¶ 7. The State argues that the legislature intended for the statute to be read expansively so as to encompass both in-person exposures and remote exposures such as Stuckey's "sexting" of his penis to Doe. The problem with such an expansive reading is that WIS. STAT. § 948.10 does not expressly require that the actor know or reasonably know the age of the child-victim or have face-to-face contact prior to the exposure such as is present in other crimes involving crimes against children. *Cf.* WIS.

STAT. §§ 948.055(2), 948.075(1r), 948.11(2), 948.12(1m). In adherence to *Weidner*, we find this last point dispositive and hold that § 948.10, as it reads today, may only be applied in settings in which the exposure occurs where there is face-to-face contact.

## State v. Weidner

¶ 8. The fact situation from *Weidner* is strikingly similar to the facts of this case. Lane R. Weidner began communicating with sixteen-year-old Samantha B. over an internet chat room known as "Teenage Romance." *Weidner*, 235 Wis. 2d 306, ¶¶ 2–3. Weidner used the internet to send a naked picture of himself to Samantha B. *Id.* Weidner was charged with violating WIS. STAT. § 948.11(2) (1997–98), which prohibited the dissemination of harmful material to minors. *Weidner*, 235 Wis. 2d 306, ¶ 4. Weidner argued that § 948.11(2) (1997–98) was unconstitutional under the First Amendment for failing to require that the State prove Weidner's knowledge of the victim's minority status. *Weidner*, 235 Wis. 2d 306, ¶¶ 4, 14. At the time of the *Weidner* decision, scienter was an affirmative defense that the defendant had to prove to avoid criminal liability and not an element to be proved by the State. *See* § 948.11(2)(c) (1997–98).

¶ 9. The *Weidner* court concluded that because age represented the critical element separating illegal conduct under WIS. STAT. § 948.11 from that conduct protected under the First Amendment, some form of scienter was required to avert significant constitutional dilemmas. *Weidner*, 235 Wis. 2d 306, ¶ 11. The court concluded that because the State did not bear the

burden to prove scienter under § 948.11(2), the statute was unconstitutional in the context of the internet and other situations that do not involve face-to-face contact. *Weidner*, 235 Wis. 2d 306, ¶ 37.

¶ 10. In response to *Weidner*, the legislature amended Wis. Stat. § 948.11 to ensure the State was required to prove beyond a reasonable doubt that the defendant reasonably knew that the child was under the age of eighteen or that the defendant had face-to-face contact with the child before or during the sale, rental, exhibition, playing, distribution, or loan of the harmful material. *See* 2001 Wis. Act 16, §§ 3976, 3977, 3979, 3981.

*Variable Obscenity Statutes Require Scienter Element*

■■

¶ 11. The *Weidner* court noted that Wis. Stat. § 948.11(2) prohibits a person from exhibiting to children those materials deemed obscene to minors but not obscene to adults, which is known as a variable obscenity statute. *Weidner*, 235 Wis. 2d 306, ¶ 9. Variable obscenity distinguishes between obscene and non-obscene offenses based on the audience to which the content is directed and the nature of the content's appeal or impact on the targeted audience. *See* William B. Lockhart & Robert C. McClure, *Censorship of Obscenity: The Developing Constitutional Standards,* 45 Minn. L. Rev. 5, 78 (1960). Thus, while exhibiting hard-core pornography might be criminalized regardless of the audience, exhibiting soft-core pornography might be criminalized under a variable obscenity statute when it is targeted at children. Variable obscenity statutes are premised on established tenets recognizing the significance of age in First Amendment jurispru-

dence. *Weidner*, 235 Wis. 2d 306, ¶ 9. Sexual expression that is appropriate for adults may not be suitable for children. *Id.*, ¶ 10. Accordingly, the government may regulate the exposure of minors to sexually explicit content in promoting the government's compelling interest to safeguard the physical and psychological well-being of children. *Id.*

■

¶ 12. A variable obscenity statute such as WIS. STAT. § 948.11 requires a "knowing and affirmative" violation. *State v. Thiel*, 183 Wis. 2d 505, 535, 515 N.W.2d 847 (1994). An individual violates § 948.11 if he or she, aware of the nature of the material, knowingly offers or presents for inspection to a specific minor or minors material defined as harmful to children in § 948.11(1)(b). *Thiel*, 183 Wis. 2d at 535. The *Thiel* court and the Jury Instruction Committee thought it important and necessary to define the verb "exhibit" to explicitly explain that that word represents a knowing, affirmative act in the context of a conviction under § 948.11. *State v. Gonzalez*, 2011 WI 63, ¶ 42, 335 Wis. 2d 270, 802 N.W.2d 454.

*WISCONSIN STAT. § 948.10 Is a Variable Obscenity Statute that Requires a Scienter Element*

■

¶ 13. Like WIS. STAT. § 948.11, WIS. STAT. § 948.10 is a variable obscenity statute. The legislature created § 948.10 in 1987 by altering some of the elements of the crime of lewd and lascivious behavior from WIS. STAT. § 944.20(1)(b), which criminalizes the act of "publicly and indecently" exposing genitals or pubic area. LEGIS. COUNCIL STAFF, WISCONSIN LEGISLATIVE COUNCIL REPORT No. 7 TO THE 1987 LEGISLATURE, LEGISLATION ON CRIMES AGAINST

CHILDREN, at 17 (Apr. 21, 1987) [hereinafter "REPORT No. 7"]. The lewd and lascivious statute is contained within WIS. STAT. ch. 944's subch. IV applicable to crimes of obscenity and has been construed by courts to apply to obscene conduct when children or unwilling adults are present. *See Reichenberger v. Warren*, 319 F. Supp. 1237, 1239 (W.D. Wis. 1970).

■

¶ 14. The first element of WIS. STAT. § 944.20(1)(b) is that "[t]he defendant exposed genitals," which tracks the first element of WIS. STAT. § 948.10, "[t]he defendant exposed genitals to (name of child)." *Compare* WIS JI—CRIMINAL 1544 *with* 2140. With the modification of the lewd and lascivious statute as applicable to child-victims, however, the legislature eliminated the requirement that the exposure be done "publicly" or "indecently." REPORT No. 7 at 17. Instead, the legislature substituted a requirement that the exposure be done "for the purpose of sexual arousal or gratification." *Id.* We discern the legislative intent was to protect children in both private and public settings and to criminalize the exposure of genitalia to children whether the exposure is "indecent" (i.e. obscene) or not. As § 948.10 criminalizes certain activity directed toward children that could be considered legal when directed toward adults, it can be considered a variable obscenity statute.[4] *See Weidner*, 235 Wis. 2d 306, ¶ 9.

---

[4] We recognize that, unlike WIS. STAT. § 948.11, WIS. STAT. § 948.10 does not consider the effect of the "nature of the materials" on the child-victim, but rather the purpose of the exposure by the actor. As United States Supreme Court Chief Justice Warren stated in a concurring opinion where he endorsed the variable concept of obscenity, "The conduct of the defendant is the central issue, not the obscenity of a book or picture. The nature of the materials is, of course, relevant as an

¶ 15. Even though Wis. Stat. § 948.10 is a variable obscenity statute, neither the language of the statute nor the related jury instructions require the State to prove scienter (i.e., knowledge) of the age of the person receiving the transmission. Although the exposure must be done "for purposes of sexual arousal or sexual gratification," the exposure does not need to be knowingly and affirmatively directed toward a specific minor or minors. *Cf. Thiel,* 183 Wis. 2d at 535. The jury instructions for § 948.10 expressly instruct that knowledge of the child's age is not required and mistake is not a defense. *See* Wis JI—Criminal 2140; *see also* Wis. Stat. § 939.43(2). Section 948.10 essentially sets forth a strict liability offense that deprives an individual of the opportunity to prove lack of knowledge or mistake. *See State v. Robins,* 2002 WI 65, ¶ 30, 253 Wis. 2d 298, 646 N.W.2d 287. As it relates to Stuckey's conduct over the internet as alleged by the State, § 948.10 thus lacks a scienter element as to the age of the person receiving the digital image of genitals or even a requirement that a child was the intended recipient. Under the reasoning set forth in *Weidner,* § 948.10 cannot be applied in the context of the internet or similar situations that do not involve face-to-face contact. Presented with almost the same fact situation as in *Weidner,* in which the supreme court found that the State could not constitutionally

attribute of the defendant's conduct, but the materials are thus placed in context from which they draw color and character." *Roth v. United States,* 354 U.S. 476, 495 (1957) (Warren, C.J., concurring). Section 948.10 targets the "color and character" of the defendant's conduct in carrying out the exposure "for purposes of sexual arousal or sexual gratification." The legislature has determined that there is harm in a defendant who exposes himself or herself to a blind child for the purpose of sexual arousal just as surely as in one who exposes himself or herself to a seeing child for the same purpose.

rely on a variable obscenity statute that lacked a scienter element, the State cannot now rely on another variable obscenity statute lacking a scienter element to criminalize Stuckey's "sexting" behavior.

¶ 16. We conclude that WIS. STAT. § 948.10, like other statutes within WIS. STAT. ch. 948 that create strict liability for crimes against children, can only be employed in situations involving face-to-face contact at the time of the crime, i.e., in-person exposures. *See State v. Trochinski*, 2002 WI 56, ¶ 39, 253 Wis. 2d 38, 644 N.W.2d 891 ("[P]ersonal contact between the perpetrator and the child-victim is what allows the State to impose on the defendant the risk that the victim is a minor.").

## CONCLUSION

¶ 17. We affirm the circuit court's dismissal of Count 2 charging Stuckey with exposing genitals to a child as WIS. STAT. § 948.10 is a crime only in those situations involving face-to-face contact at the time of the crime. As the State acknowledges, Stuckey can be charged under WIS. STAT. § 948.11 for sending harmful material to a child via the internet.

*By the Court.*—Order affirmed.

¶ 18. GUNDRUM, J. (*concurring*). I write separately to express that I do not believe constitutional application of WIS. STAT. § 948.10 is limited to only situations involving "in-person" exposures. Majority, ¶ 16. I believe it also can be constitutionally utilized in situations involving live face-to-face interaction which is not necessarily "in person."

¶ 19. In *State v. Weidner*, 2000 WI 52, 235 Wis. 2d 306, 611 N.W.2d 684, our supreme court found WIS. STAT. § 948.11, as then written, constitutionally defi-

cient because it permitted the prosecution of persons for distributing harmful materials to minors without requiring face-to-face contact, which would allow such persons to reliably and conveniently ascertain the age of the person receiving the materials. *Weidner*, 235 Wis. 2d 306, ¶¶ 26, 27. As the majority points out, the defendant in *Weidner* communicated with his victim through an internet chat room and subsequently sent her a picture of himself naked. Majority, ¶ 8; *Weidner*, 235 Wis. 2d 306, ¶ 2. The communication between the two did not involve any face-to-face contact. *Weidner*, 235 Wis. 2d 306, ¶ 3.

¶ 20. In deciding *Weidner*, before the widespread use of live face-to-face interactive internet capabilities, such as Skype,[1] the court went out of its way to indicate that face-to-face interaction over the internet would present a different constitutional question than the non-face-to-face internet communication at issue in the case before it.

> We note at the outset that our constitutional inquiry is premised on internet communication that does not involve face-to-face contact. However, we are cognizant of the evolving nature of technology and that future communication over the internet may entail face-to-face contact. Our present analysis is essentially based on the distinction we draw between face-to-face interaction and interaction that does not involve face-to-face contact.

*Id.*, ¶ 1 n.3. The court concluded that "[t]he lack of face-to-face interaction" impeded the ability of a person

---

[1] Skype is a "software application and online service that enables voice and video phone calls over the Internet," http://dictionary.com (last visited June 24, 2013).

to "ascertain reliably the age of the recipient," and, because of this, effectively chilled speech between adults. *Id.*, ¶ 31.

¶ 21. The type of live face-to-face interactive technology the supreme court referenced in 2000 is now readily available and frequently utilized. Whether through the internet or another medium, such technology provides a means by which individuals can directly and immediately harm children by exposing themselves and/or persuading children to do the same. Significantly, live face-to-face interaction also presents a would-be offender a means by which to directly and immediately assess the age of the person on the other end of the video communication nearly as effectively as in an in-person scenario. In my opinion, and as alluded to in *Weidner,* such technology affords sufficient reliability for determining the age of the person on the other end of the communication and makes constitutional the application of WIS. STAT. § 948.10 in such cases.